## Hawkins v. E. L. Welch Company.

(Decided November 30, 1920.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error—Trial—Burden of Proof.—Whether or not the trial court erred in its ruling in this case that the burden of proof was on the plaintiff (appellee) is a question to be determined on appeal, by applying to the issue or issues made by the pleadings the test supplied by the Civil Code, sections 525-526, the first declaring: "The party holding the affirmative of an issue must produce the evidence to prove it;" the second that: "The burden of proof in the whole action lies on the party who would be defeated, if no evidence were given on either side."

2. Appeal and Error—Trial—Burden of Proof.—As in this case the allegations of the petition sufficiently. stating a cause of action for damages, resulting from the appellant's breaking of a contract for the purchase of two car loads of oats shipped him by appellee, were specifically denied by the first paragraph of appellant's answer, the further defense set up in a second paragraph of the answer that he purchased of apellee by sample, oats other than those shipped him, did not entitle appellant to assume the burden of proof, or his counsel to close the argument to the jury; therefore, the ruling of the trial court in refusing him the burden of proof and giving it to appellee, was not error.

3. Appeal and Error—Pleading—Breach—Damages.—If the case had been submitted to the court on the pleadings, or had gone to the jury without any evidence to sustain the averments of the petition, judgment or a directed verdict must have resulted for the appellant; for in either' event, on the issue made by the answer's specific denials, in the. first paragraph, of the allegations of the petition as to the contract, its breach and the consequent damages claimed, the appellee, in the absence of proof to support the contract of sale, its breach and the damages sustained as alleged in the petition, would have failed to recover.

4. Appeal and Error—Evidence.—Where, as in this case, the evidence is so conflicting that a verdict for either party could not be said to be unsupported by nor flagrantly against the evidence, the trial court should not disturb it.

5.  Appeal and Error—Instructions.—The objections of appellant to
    the instructions of the trial court are without merit, as they in
    substantially correct language and with commendable brevity
    advised the jury of all the law of the case.

EATON & BOYD for appellant.

MOCQUOT, BERRY & REED for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the McCracken circuit court entered upon a verdict awarding the appellee corporation $679.65, damages against appellant for the alleged breach of a contract arising out of the sale to him of two car loads of oats by appellee. It was substantially alleged in the petition that the oats, of the quality known as "Mill Oats" and consisting of two car loads, were sold by appellee to appellant, by acceptance of his telegraphic order for same received at its office in Minnesota, at 64 cents per bushel, payable upon its delivery by rail at Paducah; that the two cars of oats, of the quality contracted for, were in due course shipped to Paducah billed to appellant, who upon their arrival in that city and tender to him, refused to receive or pay for them; that in the meantime the market price of the oats having declined, appellant was compelled to sell them on the Paducah market at 48½ cents per bushel, which was the best price obtainable, thereby sustaining a serious loss amounting, together with the freight and demurrage charges, to $679.65.

The answer of appellant contains two paragraphs, the first being a traverse, by specific denial, of each and every allegation of the petition. In the second it was, in substance, alleged that appellant purchased of appellee by sample at 64 cents per bushel two car loads of "choice mill oats" for delivery at Paducah; that the oats shipped were not of the quality purchased and for this reason he did not accept them.

The appellant sought a new trial in the court below and now asks a reversal on three grounds: (1) That the trial court erred in refusing him the burden of proof and closing argument to the jury; (2) that the verdict was contrary to and not supported by the evidence; (3) that the jury were not properly instructed. As to the first of these questions, it is sufficient to say that its decision must be controlled by the issues made by the pleadings and the provisions of sections 525-526, Civil Code, the

first of these sections declaring that: "The party holding the affirmative of an issue, must produce the evidence to prove it;" the second that: "The burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side."

Applying the above tests it will readily be seen that the burden of proof was on the appellee. As the first paragraph of the appellant's answer traversed all the allegations of the petition, if the case had been submitted to the court on the pleadings alone, or had gone to the jury without any evidence to sustain the averments of the petition, judgment or a directed verdict must have resulted for the appellant; for whether he bought any other oats of appellee than those sued for in the petition, would have been immaterial, as in the absence of proof to support the sale of oats therein alleged, the appellee must have failed. It therefore follows that the court did not err in holding that appellee had the burden of proof, or was entitled to the closing argument.

The second contention cannot be sustained. The evidence in the case consisted of divers telegrams, letters and the testimony furnished by two witnesses for each of the parties. It would serve no good purpose to discuss it in detail; that of appellee strongly conduced to sustain his version of the contract as set up in the petition; that of appellant as strongly conduced to disprove it and sustain the contract set up in the second paragraph of his answer. We have rarely found evidence as conflicting as that appearing in the record, but it was the province of the jury to reconcile it and arrive at the truth, and it cannot be said that the verdict arrived at by them is unsupported by evidence; the same would have been true if the verdict had been in favor of the appellant.

The objection to the instructions can best be answered by copying them in the record:

### INSTRUCTION No. 1.

"Gentlemen of the jury:

"It is the undisputed evidence in this case that the two cars of oats mentioned to you in evidence and shipped by plaintiff to the defendant Hawkins, were to be choice mill oats, and the court now instructs you that if you shall believe from the evidence that said oats were choice mill oats, and that defendant Hawkins, refused to receive same; and that plaintiff, after such refusal,

used reasonable efforts and due diligence to dispose of said oats at the best price that could be obtained on the Paducah market, and did so dispose of same at a loss of $679.65, including demurrage on said two cars in which said oats were shipped, then the law is for the plaintiff and you will find for the plaintiff $679.65.''

### INSTRUCTION No. 2.

''But the court further instructs you that unless you shall believe from the evidence that said oats were choice mill oats; or if you shall believe from the evidence that the oats mentioned to you in the evidence were sold by plaintiff to defendant by sample, sent or exhibited by plaintiff to defendant, and that said oats were not up to or equal to said sample, and by reason thereof were inferior in quality and less in value to oats corresponding to said sample, then and in either of these events and if you shall so believe, the law is for the defendant and you will so find.''

We think all the law necessary for the guidance of the jury was aptly, and with commendable brevity, expressed in the instructions. No sufficient reason being shown for disturbing the verdict, the judgment is affirmed.