## Rouse, et al. v. Rouse.

(Decided May 27, 1924.)

### Appeal from Daviess Circuit Court.

1. Appeal and Error—Complaint that Petition Not Verified Not to be Made First on Appeal.—Objection that plaintiff's petition was not verified as provided by Civil Code of Practice, section 520, cannot be made for first time on appeal from judgment on merits.

2. Appeal and Error—Weight Given Finding of Circuit Judge Turning on Credibility of Witnesses.—Court of Appeals gives weight to finding of circuit judge on questions turning on credibility of witnesses, and does not disturb finding, where on all evidence mind is left in doubt.

3. Judgment—Evidence Held to Sustain Finding Default Judgment Obtained by Father by Reason of Representations.—In action to set aside default judgment and for new trial, evidence held to sustain finding that judgment was obtained against plaintiff by her father by reason of his representations that it was not necessary to make defense.

4. Judgment—Bona Fide Purchaser of Land Under Judgment Must Plead Facts Showing Right to Protection.—A bona fide purchaser of land under one who had secured a judgment settling his title to the land is protected when judgment is afterwards opened for some infirmity in it, but to obtain this protection he must plead facts showing his right to protection, in action to set aside judgment.

5. Judgment—Burden on Purchaser of Land to Show Purchase Without Notice of Infirmity in Judgment.—In action to set aside default judgment and for new trial, burden is on subsequent purchaser of land to plead and if denied to show that he purchased without notice of infirmity in judgment.

FLOYD J. LASWELL, SANDIDGE & SANDIDGE and W. FOSTER HAYES for appellants.

BEN D. RINGO and T. F. BIRKHEAD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Johanna Rouse died a resident of Daviess county in March, 1916, leaving surviving her, her husband, Lindsay Rouse, and two children, C. B. Rouse and Mary A. Rouse, now Lanham. At the time of her death the family lived on a tract of thirty-eight acres of land conveyed by J. H. Hickman on April 20, 1895. The deed was recorded and, as recorded, the grantee in the deed was "Johanna Rouse wife of Lindsay Rouse."

In August, 1916, Lindsay Rouse, the father, filed an action in the Daviess circuit court in which he alleged that this deed had been interlined by some person unknown to him so as·to make it appear that Johanna Rouse was the grantee in said deed and had been recorded as thus interlined; that Mary A. Rouse claimed to be the owner of a one-half undivided interest in the land. He prayed that she be enjoined from setting up any claim to the land; that the record be corrected and that he be adjudged the owner of the land. Summons was issued upon the petition and duly served. No answer was filed and on October 5, 1916, a judgment was entered by default adjudging the plaintiff the relief sought. On October 3, 1917, Lindsay Rouse conveyed the land by deed to C. B. Rouse in consideration, as recited in the deed, of one dollar cash in hand paid and $2,000.00 to be paid in four annual installmets of $500.00 each. The grantor reserved the right to make his home on the property conveyed during the remainder of his life.

On August 7, 1920, the daughter Mary A. Rouse, now Lanham, filed this action against her father and brother in which she set out the facts above stated, and alleged that when the summons in that action was delivered to her by the sheriff she informed her father, with whom she was then living on the land, and asked him what it meant, and she was told by him that it did not and would not affect her or her rights in any way; that it was only a legal form to settle up the estate of a decedent, and that it was not necessary for her to make defense and for her not to worry about it; that, relying on this information from her father she did not make defense to the action and did not know that any judgment had been taken in the case against her until just before this suit was filed. She also alleged that her mother owned the land and always claimed it from the time the deed was made, and that her ownership of it was recognized in the family. She prayed that the judgment be set aside and a new trial granted her; that the deed from Lindsay Rouse to C. B. Rouse be cancelled, and that she be adjudged the owner of one-half the land subject to her father's life estate therein. The defendants filed a joint answer controverting the allegations of the petition; proof was taken and on the final hearing the court adjudged the plaintiff the relief sought. The defendants appeal.

It is objected that plaintiff's petition was not verified as provided by section 520 of the Code. But the defendants, without presenting this objection, filed an answer controverting the allegations of the petition. The objection cannot be made for the first time in this court after judgment on the merits in the court below.

It is also objected that the petition filed by appellee does not sufficiently set out the proceedings in the former action. We do not see that there was any substantial defect in this respect; a copy of the record is made a part of the pleading and after the second suit was filed, without objection, the action for a new trial was consolidated with the old action. In this way the old record was before the circuit court and is before this court.

The deed had been recorded more than twenty years when Johanna Rouse died. During all this time the family lived on the land and the deed was there in the house. The proof is convincing that Mrs. Rouse always understood that it was her land. The fact is undisputed that she held the title to another tract in Daviess county, which she and her husband traded for a house and lot in Owensboro, and the deed to this property was made to her. Later they traded the house and lot in Owensboro for the thirty-eight acres of land, and no reason is shown why this property should not have been deeded to her, as the property given in exchange for it was hers. The fact that the title had stood in her name for twenty years, and until after her death, is not without force. It is true the original deed shows that the words "Johanna Rouse wife of" were interlined in the deed just before the words "Lindsay Rouse," and this interlineation has now been erased; but the interlineation must have been made before the deed was recorded in the clerk's office, for these words are recorded there. Appellee testifies that these words were in the deed after her mother's death and were afterwards erased. In view of the facts above stated this is the most reasonable conclusion as to when this erasure was made.

It is earnestly insisted that the proof does not sustain appellee's allegations as to the default judgment being obtained against her by reason of the representations of her father to her as above stated. But on questions of fact like this turning on the credibility of the witnesses, this court gives weight to the finding of the

circuit judge and does not disturb his finding where on all the evidence the mind is left in doubt. The proof is clear from all the testimony that appellee claimed all the time that this land belonged to her mother and that she owned half of it. She and her father were living together; they alone constituted the family; she would naturally look to him for advice; she was in bad health. The next· day after the process was served she went to Dawson Springs for her health, and her conduct was in keeping with the claim that she now makes. No other explanation can be made of her conduct unless it be that she then concluded to give up her land to her father, and this in view of what had happened between them is not reasonable. In view of the relations existing between father and daughter the court will be slow to sustain an unwarranted default judgment in favor of the father against the daughter under such circumstances.

It is earnestly insisted for C. B. Rouse that he is a purchaser for value without notice and in good faith under the judgment obtained by the father in the first case and that as to him the judgment appealed from, adjudging appellee the owner of one-half the land, subject to the father's life estate, is unwarranted. But C. B. Rouse did not plead that he was a purchaser for value without notice of the infirmity in the judgment. He simply joined in the answer filed by his father traversing the allegations of the plaintiff's petition and in no wise set up any rights in him superior to the rights of his father. A *bona fide* purchaser under a judgment is protected when the judgment is afterwards opened for some infirmity in it, but to obtain this protection the purchaser must plead the facts showing his right to protection. The burden is on the purchaser to plead and, if denied, to show that he purchased the property without notice of the infirmity in the judgment:

> "A stream rises no higher than its source. Ordinarily a vendee gets no more than his vendor has. But an exception is made in favor of a *bona fide* purchaser without notice. He is not bound by secret trusts existing against his vendor. To entitle him to this advantage, however, he must plead the facts showing that he is a *bona fide* purchaser without notice." Deskins v. Big Sandy Co., 121 Ky. 601.

"The plea of being an innocent purchaser for value without notice is a defense which must be pleaded." Brogan v. Porter, 145 Ky. 587.

This Rouse did not do.

In addition to this the proof shows he lived only a few hundred yards from his father and mother; he was frequently at the house; he knew about the deed as well as the other members of the family; he knew of his sister's claim to one-half of the property; and the evidence is rather persuasive, that the father had conceived the purpose of vesting this land in the son to the exclusion of the daughter, and that the conveyance in question was made in furtherance of this purpose.

Judgment affirmed.