# Wilson's Adm'r et al. v. Wilson et al.

Dec. 2, 1941.

E. B. Wilson for appellants.

Golden & Lay for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

In the year 1903, Henry Wilson and his wife, Elizabeth Wilson, purchased a boundary of land in Bell county, Kentucky, 100 acres of which is the subject of this action. Elizabeth died intestate in the year 1923, survived by her husband and two children, John H. Wilson and Rose C. Taylor. Prior to his death in 1929, Henry Wilson conveyed to his son, John H. Wilson, a life estate in his one-half undivided interest in the tract with remainder in fee to the children of his first wife, one of whom is appellant. In a division of the property in-

herited from their parents, John H. Wilson and Rose Taylor exchanged deeds whereby John Wilson became the owner of the fee-simple title to the other half of the property. Thus he became the owner of a life estate in one-half of the tract and of the fee-simple title to the other. After the death of his first wife he intermarried with the appellee, Delia Wilson, to which union the appellee, John Wilson, was born. The latter was an infant 10 years of age at the time of the rendition of the judgment herein.

John H. Wilson died intestate in the year 1938. At the time of his death he did not have sufficient personal property to pay his debts and this action was instituted by the administrator of his estate to subject the real estate to the payment of the debts. The petition alleged that the property was insusceptible of division without materially affecting its value and asked that it be sold and after payment of the debts and allotment of dower, the proceeds be distributed to the heirs at law in the proportion that their interests required. None of the defendants filed answer and on the second day of the February term of court judgment was entered taking the allegations of the petition as confessed against the adult defendants and continuing the case for the purpose of taking proof against the infant defendants. Proof was taken on depositions but not upon interrogatories, and the case being submitted for trial, judgment was entered on April 9th, the second day of the April term of court. The judgment directed the master commissioner to sell the property, pay the debts of the estate, and further recited:

"* * * It is further found and ordered that said property cannot be divided without materially impairing its value, and that after the costs of this action will have been paid, the defendant Delia Wilson will next be paid her dower interest, she being fifty-eight years of age, she will be paid 18.34% of the proceeds of one-half of the sale price of the property after payment of costs, which represents her dower interest in the property according to the mortality tables of this state; and thereafter the remainder of the proceeds of sale will be divided among the aforesaid heirs in the following proportions: * * *."

On May 6, 1940, the property was sold by the mas-

ter commissioner and brought the sum of $1,100. The commissioner reported his acts to the court on the 27th day of May, 1940, which was the first day of the May term of court. On the following day appellees tendered their joint answer and moved the court to direct that it be filed; and on May 29 filed exceptions to the report of sale, asking that the judgment and sale be set aside and listed 9 grounds of exceptions, only three of which are necessary to be considered in the decision of the questions involved on this appeal. The three grounds are: (1) that the rights of the infant were not protected in the judgment and sale of the property; (2) no motion was made by any party to the action to permit or allow the widow or the infant defendant to elect homestead and no election was made by them and they desire to elect a homestead in preference to dower; (3) the depositions taken and read in the case against the infant defendant were not taken upon interrogatories and were not read against any of the adult defendants. The court sustained the exceptions, set aside the judgment and proceedings pursuant thereto, and directed the answer to be filed of record, from which order this appeal has been taken.

It is first contended by appellants that since the term at which the judgment was rendered had expired, the court was without authority to set aside the judgment except in the manner prescribed by Section 518 et seq. of the Civil Code of Practice, and that the answer and exceptions to the report of sale are not in form or substance sufficient to comply with those sections. We are of the opinion that this point is well taken as to the rights of the adult defendant but do not find ourselves in accord with this contention in respect to the rights of the infant defendant.

Section 518, Subsection 8, of the Civil Code of Practice provides:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it— * * * for errors in a judgment, shown by an infant within twelve months after arriving at full age, as is prescribed in Section 391."

Section 391 of the Civil Code of Practice provides:

"An infant—other than a married woman—may,

within twelve months after attaining the age of twenty-one years, show cause against a judgment, unless it be for a tort done by, or for necessaries furnished to, the infant; or unless it be rendered upon a set-off or counter-claim stated in an answer; but the vacation of such judgment shall not affect the title of a bona fide purchaser under it.''

The rights and interests of infants are under the special care and protection of courts of equity, and, under the quoted provisions of the Code, an infant is not required to allege diligence in the preparation of his defense, nor is he limited to the special grounds for a new trial imposed upon ordinary litigants. It is sufficient that he show he was an infant at the time of the rendition of the judgment, that the judgment is unjust according to the facts presented by him, and that he apply for relief before the expiration of one year after he shall have attained the age of majority. Bartlett v. Louisville Trust Co., 212 Ky. 13, 277 S. W. 250.

Section 520 of the Civil Code of Practice provides:

''The proceedings to vacate or modify the judgment on the grounds mentioned in Subsections 4, 5, 6, 7 and 8, of Section 518, shall be by petition verified by affidavit, setting forth the judgment, the grounds to vacate or modify it, and the defense to the action if the party applying was defendant. On the petition the proceedings shall be the same as those in the action in which the judgment was rendered.''

We have held that under the provisions of this section of the Code the proper practice is to make application to vacate the judgment by an independent action but that it may be done by an amended pleading in the pending action. Hawkins v. E. L. Welch Co., 189 Ky. 711, 225 S. W. 1061; and we are of the opinion that, where the application is made by amended pleading in the pending action, it is unnecessary to comply with the requirement that the application set forth the judgment, because the judgment is already a part of the record in the pending case. We are of the opinion that the answer and exceptions filed on the 28th and 29th days of May, considered together, were sufficient in substance to be treated as a petition for vacation of the judgment, because the allegations contained therein are as elaborate as the allegations required of a petition under Section

520 of the Civil Code of Practice. Buttermore v. Hensley, 267 Ky. 669, 103 S. W. (2d) 68. Although the pleadings were not verified, objection for want of verification must be made in the trial court, which was not done in this case. Rouse v. Rouse, 203 Ky. 415, 262 S. W. 596.

That being true, there remains for our determination only the question as to whether the judgment entered on April 9 was erroneous or unjust in so far as it affected the interests of the infant defendant. That an infant child of the deceased is entitled to share with the widow in the homestead is not open to doubt, and while the court may elect homestead or dower for the widow and infant child where the widow has made no election, it is incumbent upon the court in such case to elect the estate most beneficial to them. Campbell et al. v. Whisman et al., 183 Ky. 256, 209 S. W. 27. The evidence contained in the depositions upon which the judgment was based places a minimum value of $800 and a maximum value of $1,000 on the property. From that evidence it is apparent that the homestead would be more beneficial to the appellees than the dower, and the court erred in decreeing otherwise. The court was in like error in entering judgment upon the depositions which were not taken by interrogatories. Section 574 of the Civil Code of Practice; Whittaker v. Prater, 239 Ky. 173, 39 S. W. (2d) 248. That being true, the judgment entered April 9, 1940, if permitted to stand, would work an injustice on the infant and the court properly set it aside and permitted the answer to be filed.

There is no merit to the argument that the order entered at the February term taking the allegations of the petition as true against the adult defendants had the effect of adjudging that the widow was not entitled to thereafter elect a homestead right. The allegation in respect to this matter is as follows:

"The plaintiffs state further that the lands above referred to are now owned in fee simple by the children of John H. Wilson by his first wife, and by the child of his last wife, in the proportion of nine-tenths to the children by his first wife and one-tenth to the child by his last wife, subject to the dower right of the defendant Delia Wilson in a one-half undivided interest therein based upon the one-fourth which was conveyed to him by his sister Rose

C. Taylor, which said lands are particularly bounded and described as follows towit; * * *.''

There is nothing contained in the language above quoted which would put defendants on notice that it was the contention of the plaintiff that the widow should be required to elect dower instead of homestead. It is well established that a defendant in a default judgment confesses only such allegations in the pleadings to which he fails to respond as are necessary to obtain the particular relief sought by the confessed pleadings. Greenhill's Adm'rs v. Oppenheimer, 255 Ky. 221, 72 S. W. (2d) 1037. The relief sought in this pleading was contained in the prayer and is as follows:

"Wherefore the plaintiff prays for a sale of the property described herein and the application of the proceeds thereof first to the payment of the debts of John H. Wilson, and that the remainder thereof be divided among the children and heirs of John H. Wilson according to their respective interests as hereinbefore set out; they pray that the estate of John H. Wilson be settled, and for all proper and equitable relief.''

The right to a homestead is a right of exemption for the benefit of debtors and the widow and infant children of a decedent debtor and may be applied for and obtained at any time before the proceeds of the property are distributed. This principle is fully discussed in the case of Greenhill's Adm'rs v. Oppenheimer, supra.

Wherefore, the order appealed from is affirmed.