**Dr. Harold HOWARD, Appellant,**

v.

**Jacob FOUNTAIN and Charmaine Fountain, Appellees.**

**No. 86–CA–2794–S.**

Court of Appeals of Kentucky.

Feb. 19, 1988.

Discretionary Review Denied by Supreme Court May 31, 1988.

Larry D. Beale, Louisville, for appellant.

Marc A. Yussman, Lisa Yussman Wall, Louisville, for appellees.

Before CLAYTON, DYCHE and McDONALD, JJ.

CLAYTON, Judge.

Harold Howard, D.M.D., appeals from a denial by the Jefferson Circuit Court of his motions to vacate a default judgment on the issue of liability and a subsequent judgment assessing damages. While we find no abuse of discretion by the trial court in denying the motion to vacate the default judgment on the issue of liability, we believe that the trial court erred in failing to notify Dr. Howard of the hearing for assessment of damages when he had entered an appearance in the action. Accordingly, we affirm the denial of the motion to vacate the default judgment and reverse the denial of the motion to vacate the judgment assessing specific damages.

The appellees, Jacob and Charmaine Fountain, filed a complaint on November 13, 1985, against the appellant, Harold Howard, D.M.D., alleging negligence in the failure to render acceptable dental care, diagnosis and treatment of a root canal. No answer, motion or any type of pleading was filed by Dr. Howard within the twenty days provided by CR 12.01. Dr. Howard's time to file a responsive pleading expired on Thursday, December 5, 1985, and on Friday, December 6, 1985, the Fountains filed a motion for judgment by default. The trial court granted the motion, and entered the default judgment on that day, December 6, 1985. At the time the default judgment was entered, the trial court scheduled a hearing date for January 31, 1986, to assess damages.

On Monday, December 9, 1985, Dr. Howard, unaware that he had been adjudged in default, filed an answer with the trial court. His answer was late and was not accompanied by a motion for enlargement of time pursuant to CR 6.02.

The trial court held an ex parte hearing on January 31, 1986, to assess damages. Dr. Howard never received notice of this hearing and it is conceded that no notice was sent to him. The Fountains presented testimony of two dentists who administered subsequent treatment to Mr. Fountain in an attempt to rectify the poor condition of his tooth due to the alleged negligent care he received from Dr. Howard. Judgment

was entered on March 5, 1985, in the amount of $7,973.50 for pain and future medicals, $601.60 for lost wages, and $25,000 for permanent psychological injury. Mrs. Fountain was not awarded any damages for loss of society, companionship and services of her husband.

On August 4, 1986, Dr. Howard filed a motion pursuant to CR 55.02 and CR 60.02 to set aside the judgments entered on December 6, 1985, and March 5, 1986. However, the motion was not accompanied by a statement of the grounds relied upon and it was overruled on August 7, 1986.

On October 23, 1986, Dr. Howard filed another motion to set aside the judgments. This motion contained an affidavit of Dr. Howard's counsel stating that his client first contacted him regarding the summons and complaint on December 5, 1985. Counsel further stated that his client was unable to recall the date upon which he had been served. In addition, counsel stated that he had received no notice of the hearing on damages. The motion was overruled on October 27, 1986.

On November 20, 1986, Dr. Howard filed a third motion with the trial court. This motion sought to amend or alter the order entered on October 27, 1986, to reflect a recitation of finality from which an appeal could be taken. The trial court overruled the motion and noted that the judgments became final on August 7, 1986, when the trial court overruled Dr. Howard's motion to set the judgments aside.

Dr. Howard appealed to this Court on November 25, 1986. The Fountains moved for dismissal because the notice of appeal was not filed within thirty days of the final order entered on August 7, 1986. The Fountains' motion was denied because the time for filing the notice of appeal technically never began to run since the circuit court clerk failed to make docket notation of the service of notice of entry of the August 7, 1986 order.

■ On appeal, Dr. Howard first contends that the trial court abused its discretion in failing to grant either of his motions to set aside the judgments entered on December 6, 1985, and March 5, 1986. Dr. Howard's first motion to set aside judgment was filed on August 4, 1986. The motion did not attempt to show reasonable excuse or good cause why the judgments should be set aside. In the absence of such a showing, a default judgment will not be set aside. *Green Seed v. Harrison,* Ky. App., 663 S.W.2d 755 (1984); CR 55.02. Accordingly, we find no abuse of discretion in the denial of Dr. Howard's first motion.

■ Dr. Howard's second motion filed on October 23, 1986, contained an affidavit of Dr. Howard's counsel stating that Dr. Howard contacted him on December 5, 1985, and he filed an answer on December 9, 1985. Although default judgments are not favored, trial courts possess broad discretion in considering motions to set them aside and we will not disturb the exercise of that discretion absent abuse. *Kidd v. B. Perini & Sons,* 313 Ky. 727, 233 S.W.2d 255 (1950). We cannot say that it is an abuse of discretion in this case where "good cause" was mere inattention on the part of the defendant or his attorney, and good cause was not shown until seven months after entry of judgment regarding damages and ten months after entry of the default on the liability issue. *See Jacobs v. Bell,* Ky., 441 S.W.2d 448 (1969); *Childress v. Childress,* Ky., 335 S.W.2d 351 (1960).

Dr. Howard's second argument to this Court is that the trial court erred in entering the judgment assessing damages without affording him notice of the damage assessment hearing held on January 31, 1986. We agree.

■ In a default judgment situation, the defaulting party admits only such allegations on the pleadings as are necessary to obtain the particular relief sought by the complaint.[1] *Wilson's Administrator v.*

---

1. The Fountains' complaint improperly demanded damages in the amount of $125,000.00. Under CR 8.01, (which was in effect at the time the Fountains filed their complaint), the prayer for relief in an action for unliquidated damages must "not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court."

*Wilson,* 288 Ky. 522, 156 S.W.2d 832 (1941). As a general rule, in an action for unliquidated damages, a defaulting party admits liability but not the amount of damages. *Pope v. United States,* 323 U.S. 1, 65 S.Ct. 16, 89 L.Ed. 3 (1944); *Flaks v. Koegel,* 504 F.2d 702 (2d Cir.1974); *Howard v. Holiday Inns, Inc.,* 271 S.C. 238, 246 S.E.2d 880 (1978). *See also* 47 Am.Jur.2d, *Judgments,* section 1186 (1969). In the Federal Courts, this rule of law is supported by Federal Rule of Civil Procedure 8(d) which reads:

> Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading.

Kentucky Rule of Civil Procedure 8.04 has similar language. It reads in pertinent part:

> Averments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading, except that the following allegations must be proved:
>
> (a) Those against a person under any disability.
>
> (b) Those necessary to sustain an action for divorce.
>
> (c) Those concerning value or amount of damages which are not for a sum certain or for a sum which may by computation be made certain.

Also cited by the Federal Courts as authority for this general rule of law is FRCP 55(b) which expressly authorizes the court to conduct a hearing on the issue of damages before entering a judgment by default. Kentucky CR 55.01 likewise authorizes the court to conduct a hearing for determination of damages in order to enable the court to enter judgment.

▆▆▆▆ Since a defaulting party does not admit unliquidated damages, he should be permitted to participate in the damage assessment hearing. *Howard v. Holiday Inns, supra; American Central Corp. v. Stevens Van Lines, Inc.,* 103 Mich.App. 507, 303 N.W.2d 234 (1981). *See also* 47 Am.Jur.2d, *Judgments,* section 1187 (1969); 15 A.L.R.3d 586 (1967). Dr. Howard had the right to participate in the hearing on January 31, 1986, and contest the amount of damages. We hold that fundamental fairness requires that a defaulting party be given notice of a damage assessment hearing where he has entered an appearance in the action prior to the hearing. *Jamieson, Inc. v. Copeland Coating Co., Inc.,* 126 N.H. 101, 489 A.2d 613 (1985); *Howard v. Holiday Inns, supra; American Central Corp., supra. See also* 47 Am.Jur.2d, *Judgments,* section 1188 (1969). We believe that Dr. Howard clearly made an appearance in the action by filing his answer on December 9, 1985. In *Smith v. Gadd,* Ky., 280 S.W.2d 495 (1955), the highest court of Kentucky construed the word "appeared" for purposes of CR 55.01 as meaning "the defendant has voluntarily taken a step in the main action that shows or from which it may be inferred that he has the intention of making some defense." *Id.* at 498. The answer filed by Dr. Howard, albeit tardy, nevertheless suffices as an appearance in the action and he was entitled to notice of the hearing.

For the above reasons, we remand this case for a new hearing on the issue of damages in accordance with this opinion. We note parenthetically that the record does not support the award of $25,000.00 for permanent psychological damage.

Further, pursuant to 2.(a) of the Order designating this case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, is reinstated effective the date of this opinion.

The judgment of the Jefferson Circuit Court is affirmed in part and reversed in part and remanded.

All concur.