RENDERED:  MARCH 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1183-MR

TRACY DAVIS                                                              APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANNIE O'CONNELL, JUDGE
ACTION NO. 19-CI-002252

STEAVON DEONNA STOKES                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; KRAMER AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  The appellant, Tracy Davis (Davis), contracted with the appellee, Steavon Deonna Stokes (Stokes), for Stokes to perform management services for Davis' campaign for the office of Jefferson District Court judge. Stokes presented Davis with a final invoice totaling $22,000.00.  Davis never paid. Stokes unsuccessfully attempted to collect that debt through non-judicial means over the course of several months.  Stokes subsequently initiated a suit in Jefferson Circuit Court to enforce the contract.  She retained the Jefferson County Sheriff's

Office to personally serve Davis with the complaint and summons pursuant to CR[1] 4.

The Sheriff's office unsuccessfully attempted to serve Davis at her home address on six separate occasions resulting in a notice of return stating: "RETURNED – AVOIDING." Stokes then attempted service through certified mail at Davis' place of business, the Transit Authority of River City (TARC). The certified mail "green card" receipt contains the signature of "Joshua D.," whose job title and position at TARC are unknown. Eighty days after filing suit and with no response from Davis, Stokes filed a motion for default judgment, which was granted by the trial court. Stokes also obtained an order garnishing Davis' wages.[2] Having received the notice of the wage garnishment and default judgment, Davis filed a motion to set aside the default judgment. A hearing was held on August 5, 2019 during which counsel for both parties were present. The trial court denied the motion from the bench without issuing written findings. Davis now appeals to this Court as a matter of right. She specifically appeals from the default judgment and the denial of her motion to set aside the default judgment. For the following reasons, we affirm the trial court.

---

[1] Kentucky Rules of Civil Procedure.

[2] Stokes alleges that she is owed an outstanding balance of $13,352.81 for services rendered, which constitutes the $22,000.00 final invoice sum less the wage garnishment payments she has received.

# I. STANDARD OF REVIEW

We review a trial court's entry of a default judgment for an abuse of discretion. *Howard v. Fountain*, 749 S.W.2d 690, 692 (Ky. App. 1988). "Although default judgments are not favored, trial courts possess broad discretion in considering motions to set them aside and we will not disturb the exercise of that discretion absent abuse." *Id.* A trial court does not abuse its discretion unless its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Miller v. Eldridge*, 146 S.W.3d 909, 914 (Ky. 2004) (citation omitted).

CR 55.02 provides: "For *good cause shown* the court may set aside a judgment by default in accordance with Rule 60.02." (Emphasis added.) CR 60.02 provides in relevant part: "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect . . . or (f) any other reason of an extraordinary nature justifying relief." "We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 361 (Ky. 1996)). With these standards in mind, we now turn to the merits of the case.

## II.    ANALYSIS

Davis' argument on appeal is that the trial court erred in granting a default judgment because she had not been personally served with the complaint. For the following reasons, we disagree.

In *Perry v. Central Bank and Trust Company*, this Court observed that "[f]actors to consider in deciding whether to set aside a judgment are: (1) valid excuse for default, (2) meritorious defense, and (3) absence of prejudice to the other party." 812 S.W.2d 166, 170 (Ky. App. 1991) (citing 7 W. BERTELSMAN AND K. PHILIPPS, KENTUCKY PRACTICE, CR 55.02, comment 2 (4th ed. 1984)). In *VerraLab Ja LLC v. Cemerlic*, the Kentucky Supreme Court further explained what constitutes good cause for setting aside a default judgment:

> "Good cause is not mere inattention on the part of the defendant . . . ." *Tennill v. Talai*, 277 S.W.3d 248, 250 (Ky. 2009). More recently, we stated, "[t]o establish 'good cause,' the party seeking relief from default judgment must demonstrate that it is not guilty of unreasonable delay or neglect." *Sunz Ins. Co. v. Decker*, 2017-SC-000257-WC, 2018 WL 1960571, at *5 (Ky. Apr. 26, 2018) (citing *Terrafirma, Inc. v. Krogdahl*, 380 S.W.2d 86 (Ky. 1964)).

584 S.W.3d 284, 287 (Ky. 2019).

Davis specifically contends that she was not properly served under CR 4.04(9), which provides in pertinent part: "Service may be made upon . . . a resident individual who transacts business through an office or agency in any

action growing out of or connected with the business of such office or agency, by serving the person in charge thereof." As previously stated, the signature on the certified mail delivery card in this case stated "Joshua D." Davis argues that because there was no evidence that "Joshua D." was in charge of the office or agency where the complaint and summons were delivered, service under CR 4.04(9) was ineffective. This rule is inapplicable to the present case because this litigation has nothing to do with Davis' employment at TARC, where the documents were delivered and signed for by "Joshua D." Rather, we believe that the evidence of multiple attempts at service by the Jefferson County Sheriff's Office is dispositive here.

Regarding personal service, CR 4.04(2) provides in relevant part that "[s]ervice shall be made upon an individual within this Commonwealth . . . by delivering a copy of the summons and of the complaint (or other initiating document) to him personally or, *if acceptance is refused by offering personal delivery to such person . . . .*" (Emphasis added.) In the present case, the record indicates that Davis avoided personal service. Case law also proves instructive.

For example, the *Cemerlic* Court observed that "[i]nattention does not equate to good cause; therefore, an affirmative action taken to *avoid* service of process (such as the refusal of certified mail in this case) is abusive of the system and certainly falls short of good cause." 584 S.W.3d at 288 (emphasis added).

Similar to *Cemerlic*, the record indicates that Davis avoided service by the Sheriff's Office which, after multiple attempts to serve Davis at her home address, issued a notice of return stating: "RETURNED – AVOIDING." Notably, Davis has made no attempt to explain this avoidance. Like the defendant in *Cemerlic*, Davis "cannot avoid service, claim it was ineffective . . . and then succeed in having the trial court's discretionary act in denying [her] attempt for another bite at the apple overturned on appeal." *Id*. In sum, Davis has failed to demonstrate a valid excuse for her default, failed to adequately articulate a meritorious defense, and has not even attempted to address potential prejudice to Stokes if we were to set aside the default judgment. *See Perry*, 812 S.W.2d at 170. Therefore, the trial court did not abuse its discretion in entering a default judgment and in denying Davis' motion to set aside that default judgment.

## III. CONCLUSION

For the foregoing reasons, we hereby affirm the judgment of the Jefferson Circuit Court.

CLAYTON, CHIEF JUDGE, CONCURS.

KRAMER, JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:                BRIEF FOR APPELLEE:

Timothy Denison                     Briana N. Lathon
Louisville, Kentucky                Louisville, Kentucky