RENDERED:  AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0949-MR

THOMAS E. LONG                                                              APPELLANT

v.
APPEAL FROM UNION CIRCUIT COURT
HONORABLE C. RENE' WILLIAMS, JUDGE
ACTION NO. 21-CI-00010

NUTRIEN AG SOLUTIONS, INC.                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, LAMBERT, AND MᴄNEILL, JUDGES.

MᴄNEILL, JUDGE:  This case involves an unpaid commercial debt for

agricultural goods.  The debtor is Appellant, Thomas Long (Thomas).  The creditor

is Appellee, Nutrien Ag Solution, Inc. (Creditor).  Creditor filed one suit in Union

Circuit Court to collect a debt owed by Thomas.  The parties reached an agreement

in that case, and it was dismissed.

Creditor filed a second suit to collect another debt owed under a

separate account by Thomas and his son, Michael, jointly and severally.  After

subsequent attempts to recover that debt proved unsuccessful, the circuit court entered a default judgment. Thomas filed a motion to set aside the default judgment, which was denied. Thomas appeals to this Court as a matter of right. For the following reasons, we affirm.

## **STANDARD OF REVIEW**

"Although default judgments are not favored, trial courts possess broad discretion in considering motions to set them aside and we will not disturb the exercise of that discretion absent abuse." *Howard v. Fountain*, 749 S.W.2d 690, 692 (Ky. App. 1988) (citation omitted). A trial court does not abuse its discretion unless its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Miller v. Eldridge*, 146 S.W.3d 909, 914 (Ky. 2004) (citation omitted). CR[1] 55.02 provides: "For *good cause shown* the court may set aside a judgment by default in accordance with Rule 60.02." (Emphasis added.) *See VerraLab Ja LLC v. Cemerlic*, 584 S.W.3d 284, 287 (Ky. 2019) ("Good cause is not mere inattention on the part of the defendant . . . .") (citation omitted).

CR 60.02 provides in relevant part: "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect . . . or (f) any other reason of an

---

[1] Kentucky Rules of Civil Procedure.

extraordinary nature justifying relief." "We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). With these standards in mind, we now return to the present case.

## ANALYSIS

Thomas' primary argument on appeal is that the circuit court did not properly consider the relevant factors for setting aside a default judgment. "Factors to consider in deciding whether to set aside a judgment are: (1) valid excuse for default, (2) meritorious defense, and (3) absence of prejudice to the other party." *Perry v. Central Bank and Trust Company*, 812 S.W.2d 166, 170 (Ky. App. 1991) (citation omitted). Thomas specifically claims that, due to the settlement in the first case, he reasonably believed that he was relieved of responsibility in the present case. As to a meritorious defense, Thomas claims that Creditor has never produced a document evidencing his obligation to pay the debts of another pursuant to the Kentucky Statute of Frauds. KRS[2] 371.010(4). Lastly, and without specificity or preservation, Thomas asserts an absence of prejudice to the Creditor.

---

[2] Kentucky Revised Statutes.

In its order denying Thomas' motion to set aside the default judgment, the circuit court unequivocally found that Thomas' "excuse is not a valid excuse and certainly is not excusable neglect." The court reasoned as follows:

> [Thomas] fully understood that he was being held liable by Plaintiff for both accounts; that after being served with the summons and complaint for both accounts on January 15, 2021, Defendant Thomas Long agreed to compromise his unpaid balance on the Nutrien account #1097304 which was dismissed and the settlement as stated in the written communications clearly reflects the settlement is for this account and this account only
>
> . . . .
>
> Further, the Court is of the opinion that setting aside the Default Judgment against Defendant Thomas Long would be prejudicial to Plaintiff given the fact that the accounts were already approximately two years past due when the parties had a hearing in this matter.

In consideration of the record and arguments presented, we cannot conclude that circuit court abused its discretion in denying Thomas' motion to set aside the default judgment. Therefore, we affirm.

Lastly, Thomas asserts that that the circuit court should have conducted a hearing on damages pursuant to CR 55.01. Thomas did not appeal from the default judgment itself, only the order denying the motion to set aside. Moreover, CR 55.01 does not require a damages hearing. Pursuant to the relevant portion of that rule, a hearing is required only if "it is necessary to take an account

-4-

or to determine the amount of damages . . . ." *Id.* There is no indication such concerns are at issue here.

## **CONCLUSION**

For the foregoing reasons, we AFFIRM the Union Circuit Court's order entered on July 7, 2022.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Christopher Hopgood
Henderson, Kentucky

BRIEF FOR APPELLEE:

David T. Reynolds
Owensboro, Kentucky