RENDERED: JANUARY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1365-MR

RICKY CAIN                                                                APPELLANT

APPEAL FROM BULLITT CIRCUIT COURT
v.       HONORABLE RODNEY DARREL BURRESS, JUDGE
ACTION NO. 21-CI-00011

OUVITA HODGE                                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: Appellant, Ricky Cain, and Appellee, Ouvita Hodge, lived

together for a short period of time before separating. Hodge sued Cain, seeking to

obtain various items of personal property and damages. Cain failed to respond to

the suit and the Bullitt Circuit Court granted a default judgment. Cain filed a

motion to set aside the default judgment, which was denied. He appeals to this

Court as a matter of right. For the following reasons, we affirm.

## STANDARD OF REVIEW

"Although default judgments are not favored, trial courts possess broad discretion in considering motions to set them aside and we will not disturb the exercise of that discretion absent abuse." *Howard v. Fountain*, 749 S.W.2d 690, 692 (Ky. App. 1988) (citation omitted). A trial court does not abuse its discretion unless its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Miller v. Eldridge*, 146 S.W.3d 909, 914 (Ky. 2004) (citation omitted). CR[1] 55.02 provides: "For *good cause shown* the court may set aside a judgment by default in accordance with Rule 60.02." (Emphasis added.) *See VerraLab Ja LLC v. Cemerlic*, 584 S.W.3d 284, 288 (Ky. 2019) ("Good cause is not mere inattention on the part of the defendant . . . .") (citation omitted).

CR 60.02 provides in relevant part: "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect . . . or (f) any other reason of an extraordinary nature justifying relief." "We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). With these standards in mind, we now return to the present case.

---

[1] Kentucky Rules of Civil Procedure.

## ANALYSIS

Cain's primary argument on appeal is that he was not properly served under CR 4.04(2):

> Service shall be made upon an individual within this Commonwealth . . . by delivering a copy of the summons and of the complaint (or other initiating document) to him personally or, if acceptance is refused by offering personal delivery to such person, or by delivering a copy of the summons and of the complaint (or other initiating document) to an agent authorized by appointment or by law to receive service of process for such individual.

The circuit court addressed this issue in its order denying Cain's motion to set aside the default judgment as follows:

> [T]estimony from Special Bailiff J.C. Wantland indicates that Mr. Wantland appeared at Defendant's residence, that Defendant opened the door to his home, that Mr. Wantland displayed to him both the Summons and the Complaint through the glass storm door based on pandemic recommendations of social distancing at the time. Mr. Wantland informed Defendant of this action and left said copies of Summons and Complaint between the storm and front doors.

Cain appears to argue that the bailiff was required to place the Summons and Complaint in his hands in order to complete service of process. We disagree. And without citation or explanation, Cain also argues that the court "completely failed to address the balance of the default judgment test." There is no indication that Cain properly preserved or adequately developed this issue before the circuit court. "It is an unvarying rule that a question not raised or adjudicated in the court below

cannot be considered when raised for the first time in this court." *Combs v Knott Cnty. Fiscal Court*, 141 S.W.2d 859, 860 (Ky. 1940).  In any event, the circuit court did not abuse its discretion here.

## **CONCLUSION**

For the foregoing reasons, we AFFIRM the Bullitt Circuit Court's order granting a default judgment, and its order denying Cain's motion to set aside the default judgment.


ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:


Timothy Dennison                              James Winchell
Louisville, Kentucky                          Shepherdsville, Kentucky