14-3446-cv(L)
*Krys v. Klejna*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand sixteen.

Present:
> ROSEMARY S. POOLER,
> PETER W. HALL,
> SUSAN L. CARNEY,
>
> *Circuit Judges*.

---

KENNETH M. KRYS, AS JOINT OFFICIAL LIQUIDATOR OF SPHINX LTD., SPHINX STRATEGY FUND, LTD., SPHINX PLUS SPC LTD., SPHINX DISTRESSED LTD., SPHINX MERGER ARBITRAGE LTD., SPHINX MACRO LTD., SPHINX LONG/SHORT EQUITY LTD., SPHINX MANAGED FUTURES LTD., ET AL.; AS ASSIGNEE OF CLAIMS ASSIGNED BY MIAMI CHILDRENS HOSPITAL FOUNDATION, OFI ASSET MANAGEMENT, GREEN & SMITH INVESTMENT MANAGEMENT LLC, THALES FUND MANAGEMENT LLC, KELLNER DILEO & CO. LLC, MARTINGALE ASSET MANAGEMENT LP, LONGACRE FUND MANAGEMENT LLC, ET AL., MARGOT MACINNIS, AS JOINT OFFICIAL LIQUIDATOR OF SPHINX LTD., SPHINX STRATEGY FUND, LTD., SPHINX PLUS SPC LTD., SPHINX DISTRESSED LTD., SPHINX MERGER ARBITRAGE LTD., SPHINX MACRO LTD., SPHINX LONG/SHORT EQUITY LTD., SPHINX MANAGED FUTURES LTD., ET AL.; AS ASSIGNEE OF CLAIMS ASSIGNED BY MIAMI CHILDRENS HOSPITAL FOUNDATION, OFI ASSET MANAGEMENT, GREEN & SMITH INVESTMENT MANAGEMENT LLC, THALES FUND MANAGEMENT

Nos. 14-3446(L), 14-3480(CON)

1

LLC, KELLNER DILEO & CO. LLC, MARTINGALE ASSET MANAGEMENT LP, LONGACRE FUND MANAGEMENT LLC, ET AL., HARBOUR TRUST CO. LTD., AS TRUSTEE OF THE SPHINX TRUST,

*Plaintiffs - Appellants,*

v.

DENNIS A. KLEJNA, JPMORGAN CHASE & CO.,

*Defendants - Appellees.*

_____

| | |
|---|---|
| For Plaintiffs-Appellants: | DAVID J. MOLTON (Andrew S. Dash, on the brief), Brown Rudnick LLP, New York, NY. |
| | Leo R. Beus & Lee M. Andelin, Beus Gilbert PLLC, Phoenix, AZ. |
| For Defendants-Appellees: | PHILIP D. ANKER (Ross E. Firsenbaum, Ari J. Savitsky, on the brief), Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, *for JPMorgan Chase & Co.* |
| | HELEN B. KIM, Thompson Coburn LLP, Los Angeles, CA, *for Dennis A. Klejna.* |

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*, Lynch, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants, a group of now-defunct hedge funds, appeal from the district court's judgment adopting the Special Master's Report and Recommendation and dismissing their state law claims against Defendants-Appellees Dennis A. Klejna and JPMorgan Chase &

2

Co. ("Chase").[1]  We assume the parties' familiarity with underlying facts, procedural history, and issues presented on appeal.

**1.      Abstention**

The plaintiffs argue that the district court was required to abstain from hearing the case under 28 U.S.C. § 1334(c)(2), which provides that, for state-law causes of action "related to" (but not "arising under" or "arising in") title 11,

> with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

"Four factors come into play in evaluating § 1334(c)(2) timeliness: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580 (2d Cir. 2011) (*Parmalat I*).  "Whether an action can be timely adjudicated in state court is a mixed question of law and fact.  The factual inquiry focuses on how quickly a case can be adjudicated in state court; the legal inquiry asks if this pace is sufficiently swift.  Given this mixed question of law and fact, we review the court's determination *de novo*."  *Id*.

---

[1]  Since oral argument, the parties have stipulated pursuant to Fed. R. App. P. 42(b) to dismiss the appeals as to Defendants-Appellees Merrill Lynch, Pierce, Fenner & Smith Incorporated, as successor-by-merger to Banc of America Securities LLC, and Credit Suisse Securities LLC, FKA Credit Suisse First Boston LLC.  (*See* Order, ECF No. 232).

The district court properly ruled that abstention was not required.[2] The plaintiffs argue that their claims could be "timely adjudicated" in New York or New Jersey state courts. Although the plaintiffs rely on the general time-processing standards of those courts, this fails to account for the nature of their claims, which (as the district court found) were "one piece of a much larger, extremely complex litigation puzzle." *Krys v. Sugrue*, No. 08CIV3065(GEL), 2008 WL 4700920, at *9 (S.D.N.Y. Oct. 23, 2008) (internal quotation marks omitted). We have explained that "when the facts in a case are especially complex, the forum with greater familiarity with the record may likewise be expected to adjudicate the matter more quickly." *Parmalat I*, 639 F.3d at 581. As the district court recognized, remanding these actions to state court "would simply complicate and slow down the resolution of those claims, as well as of the matters already pending before this Court." *Krys*, 2008 WL 4700920, at *10 (internal quotation marks omitted). The Second Circuit's decisions in *Parmalat I* and *Parmalat II* do not change this conclusion. In those cases, the Court emphasized that because the completed summary judgment record could be transferred to Illinois state court, the "difference in timing appear[ed] to be a matter of months, rather than years." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 671 F.3d 261, 267 (2d Cir. 2012) (*Parmalat II*). In this case, by contrast, many of the defendants were dismissed, and the claims against those defendants would need to be litigated from scratch. Further, unlike the *Parmalat* litigation, this case does not raise any novel legal questions, and the relevant state law was well-established. *Cf. id.* (noting uncertainty as to whether a *in pari delicto* defense would be available against a bankruptcy trustee under Illinois state law). Finally, the bankruptcy proceedings of SPhinX Ltd. ("SPhinX"), a plaintiff in this case, remain open, and

---

[2] We need not address the defendants' argument that the plaintiffs waived their abstention claim by failing timely to raise it because the plaintiffs' arguments fail on the merits in any event.

4

any damages awarded in this case could affect the administration of that estate, as the plaintiffs concede. We agree with the district court that, in these circumstances, abstention was not mandatory.

**2.      Dismissal of Defendant Klejna**

The plaintiffs further challenge the district court's dismissal of Defendant-Appellee Klejna. We review *de novo* a district court's decision to grant a motion to dismiss. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We agree with the Special Master's reasoning and conclusion that the plaintiffs lacked standing to sue Klejna. On a motion to dismiss, "it is the burden of the party [asserting standing to sue] . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Thompson v. Cty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). The Second Amended Complaint alleges that Klejna was involved with diverting the plaintiffs' funds from Refco LLC into unsegregated accounts at its unregulated, offshore subsidiary, Refco Capital Markets ("RCM"), where the funds were commingled for use in fraudulent activities designed to conceal Refco's losses, bolster Refco's financial statements, and enrich various individuals. While the plaintiffs have standing to sue for the excess funds that were taken out of the Refco accounts and moved to RCM, the Special Master concluded that any damages to the plaintiffs would not have flowed from that transfer, but instead they flowed from the underlying Refco fraud. The plaintiffs lack standing to sue for the Refco fraud, however, because their claims are derivative of the harm that occurred to Refco. The plaintiffs allege, in essence, that Refco could not pay them back because

it was looted and went bankrupt. We conclude for that reason that their damages are thus no different from those suffered by any other creditor of Refco.

To the extent that the plaintiffs' damages arise from Refco's insolvency, they must be resolved in the bankruptcy proceeding because they are property of the estate. *See* 11 U.S.C. § 541(a)(1). And those claims largely have been resolved. Klejna has settled with the Refco trustee, and payment pursuant to that settlement was made available for creditors to pursue. Further, the plaintiffs settled with the RCM trustee and agreed to relinquish their claims in exchange for approximately $50 million. Permitting the plaintiffs to bring civil suit against Klejna when they have already had the opportunity to recover as creditors to Refco in the bankruptcy proceedings would give them the prospect of a double recovery, and it would undermine "[t]he trustee's single effort [which] eliminates the many wasteful and competitive suits of individual creditors." *Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1342–43 (7th Cir. 1987). For substantially the reasons set forth in the Special Master's Report and Recommendation, we find the plaintiffs' arguments unpersuasive. Because the plaintiffs' claims against Klejna for damages arising from Refco's insolvency estate are derivative, the plaintiffs lack standing to pursue them. Dismissal of the claims against Klejna was proper.

**3.    Dismissal of claims against Chase**

Finally, the plaintiffs challenge the district court's dismissal of their claims against Chase for aiding and abetting fraud (and related claims). To plead aiding and abetting under New York law, the plaintiffs must allege (1) that there was a primary violation (*e.g.*, fraud), (2) the defendant had "actual knowledge" of the primary violation, and (3) the defendant provided substantial assistance to advance the commission of the primary violation. *Krys v. Pigott*, 749 F.3d 117, 127 (2d Cir. 2014). Moreover, under Fed. R. Civ. P. 9(b), "[i]n asserting claims of

fraud—including claims for aiding and abetting fraud or a breach of fiduciary duty that involves fraud—a complaint is required to plead the circumstances that allegedly constitute fraud with particularity." *Id.* at 129.

The district court properly dismissed these claims because the plaintiffs did not plead Chase's knowledge with particularity. The plaintiffs' complaint alleges a claim that some Refco party breached its fiduciary duty by transferring money to unsegregated accounts without authorization. Nothing in the complaint indicates, however, that Chase knew the transfers were unauthorized. While Chase may have known that the money was transferred from segregated to unsegregated accounts, this transfer in and of itself was not a breach of fiduciary duty without Chase having knowledge that the transfers were unauthorized.

## Conclusion

We have considered Appellants' remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK