RENDERED: MARCH 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0825-MR

CLARK STANDARD AVENUE, LTD.
AND RESOURCE PROPERTY
MANAGEMENT                                                                                  APPELLANTS


                          APPEAL FROM JEFFERSON CIRCUIT COURT
v.                        HONORABLE JULIE KAELIN, JUDGE
                          ACTION NO. 21-CI-007111


JA'NICE SMITH                                                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE:  This is a wrongful eviction case.  Appellants are Clark

Standard Avenue, Ltd., and Resource Property Management (Landlords).

Appellee is Ja'nice Smith (Tenant).  On December 17, 2021, Tenant filed a

complaint in this case in Jefferson Circuit Court alleging that Landlords

wrongfully:  1) entered her apartment; 2) believed it to be abandoned; 3) changed

the locks; 4) disposed of her personal property; and 4) caused her and her son financial and emotional injuries as a result.

The circuit court entered a default judgment, granted a motion to set aside the default judgment, and then granted another motion to reinstate the default judgment. The court held a hearing to assess damages pursuant to CR[1] 55.01, and ultimately awarded Tenant approximately $40,000.00 in compensatory damages, including attorney's fees. In so holding, the court noted that it "finds the fact of this case particularly egregious[,] and that "the mental and emotional toll this eviction took on [Tenant] and her child were both awful and avoidable."

"Although default judgments are not favored, trial courts possess broad discretion in considering motions to set them aside and we will not disturb the exercise of that discretion absent abuse." *Howard v. Fountain*, 749 S.W.2d 690, 692 (Ky. App. 1988) (citation omitted). Similarly, "the standard of review regarding the amount of damages awarded is whether the trial court abused its discretion[.]" *Banker v. Univ. of Louisville Athletic Ass'n, Inc.*, 466 S.W.3d 456, 463 (Ky. 2015) (citation omitted). A trial court does not abuse its discretion unless its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Miller v. Eldridge*, 146 S.W.3d 909, 914 (Ky. 2004) (citation omitted). *See also Beauchamp v. Fed. Home Loan Mortg. Corp.,* 658 F. App'x

---

[1] Kentucky Rules of Civil Procedure.

202, 203 (6th Cir. 2016) (applying Kentucky law where property owner identified incorrect property and proceeded to unlawfully "trash-out" tenants' personal items).

Landlords' argument is confined to a broad and unsupported claim that the court abused its discretion in the amount of damages ordered. In consideration of the applicable authority, record, and arguments presented, we cannot say that the circuit court abused its discretion here. Therefore, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Bert M. Edwards
Louisville, Kentucky

BRIEF FOR APPELLEE:

Charles D. Matlock
Louisville, Kentucky