OPINION OF THE COURT BY'
JUSTICE VANMETER
A cotenant of real property, including one who holds as a joint tenant with right of survivorship, is entitled to contribution from other cotenants with respect to his or her payment of any liens, taxes or other encumbrances on the pi’operty, Following such contribution, .any proceeds to the property are shared by the cotenants in proportion to their respective ownership interest in the property. The issue we resolve in this case is whether the Court of Appeals erred in reversing the Fayette Circuit Court’s judgment that Daniel Paisley and Anne Talley were to share equally in the proceeds of sale of their jointly owned real property based on their respec *525 tive ownership percentages- and irrespective of Paisley’s discharge of mortgage liens encumbering the property. We hold that the Court of Appeals did not err and therefore remand this matter to the trial court for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND.
Paisley and Talley never married, but cohabitated for fifteen years. In 2004, they purchased a tract of land on Lakewood Drive in Lexington in order to build a residence together. At that time, Talley was married to someone else. Paisley was divorced and owned another residence in his own name. Talley also owned a residence, which she sold, and used the proceeds from that sale ($120,000) as the down payment for the Lakewood Drive property. The parties initially placed the Lakewood Drive- property in Paisley’s name because Talley was still legally married. Talley and her husband-divorced in October 2006.
Soon after that divorce, the parties placed the Lakewood Drive property in their joint names with right of- survivor-ship. At that point, , according to Paisley, he had paid $109,942 in construction and loan costs, and Talley had paid the initial down payment on the property. Also in November 2006, two mortgages were taken out on the property, one in the amount of $225,000 and the other $250,000. Talley and Paisley were co-mortgagors and comakers of the notes.'
Paisley sold his residence in July 2007, and used $200,000 of.the proceeds to pay down the $250,000 mortgage on thé Lakewood residence. In December 2009, he paid off the balance of that mortgage. He also paid $19,119 down on the $225;000 mortgage, and.$3,052 to close a construction loan in November 2006. From 2007 until March 2014, Paisley made all the mortgage payments in -full. According- to Paisley, he never demanded payment from Talley because he believed she would have the funds to contribute her share to the residence after- her former husband paid her $350,000 as part of their divorce settlement, '
Paisley and Talley’s relationship eventually ended. Paisley moved out of the Lakewood residence in January 2013, although he continued to make the mortgage and insurance payments. He filed a complaint several month's later, 'pursuant to KRS 389A.030, seeking to sell the residence and divide the equity in proportion to the parties’ contributions, arid specifying that Talley should be' solely responsible for the expenses associated with the house while she resided there alone.
The house eventually sold for $715,000. The net equity in the residence was $477,397. Paisley proposed that these proceeds be divided based on the parties’ proportionate contribution and to reflect the fact that he had contributed more to the residence. By his calculation, Talley had contributed $120,000 and he had contributed $383,921. Therefore, Paisley proposed to receive $369,500 from the proceeds, and fQr Talley to receive $106,500.[1]
Following .a bench trial, the trial court found that the parties did not have an agreement regarding disposition of the property in the event .their relationship ended, and ordered the equity in the residence to be divided equally between them. The trial court found the evidence insufficient to rebut a presumption of equality and . accordingly divided the sale proceeds equally. The trial court largely based its decision on ■ its finding that the parties *526 never had an agreement, written or verbal, about division of the Lakewood property if their relationship ended. The court emphasized that if it had found that such an agreement existed and considered the contributions of the parties as Paisley requested, it would be required to consider both parties’ contributions relative to the specific facts of this case. The trial court cited no case law in support of its terse legal conclusion.
Paisley appealed to the Court of Appeals, which reversed the trial court’s decision. The Court of Appeals declined to disturb the trial court’s finding that the parties had no agreement about what would happen to the property if their relationship ended, since the parties’ testimony supported that finding. However, it held that as a matter of law, Paisley was entitled to be proportionately reimbursed by Talley for payments he made during their joint tenancy. As a result, the Court of Appeals remanded the case to the trial court to determine the amount to which he is entitled. Talley petitioned this Court for discretionary review, which we granted.
ANALYSIS.
In an appeal from a bench trial without a jury, the trial court’s findings of fact “shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial judge to judge the credibility of the witnesses.” CR[2] 52.01. “If the trial judge’s findings of fact in the underlying action are not clearly erroneous, i.e., are supported by substantial evidence, then the appellate court’s role is confined to determining whether those facts support the trial judge’s legal conclusion” Commonwealth v. Deloney, 20 S.W.3d 471, 473-74 (Ky. 2000). However, while deferential to the lower court’s factual findings, appellate review of legal determinations and conclusions from a bench trial is de novo. Sawyer v. Better, 384 S.W.3d 107, 110 (Ky. 2012).
Property held jointly with right of survivorship “is an estate held by two or more people who (in the case where the estate is held by only two) are not husband and wife. Each is jointly entitled to the enjoyment of the estate so long as all live; however, the interest of a joint tenant, at his. or her death, passes to the survivor.” Sanderson v. Saxon, 834 S.W.2d 676, 678 (Ky. 1992) (citations omitted). With respect to the sale or division of property held in joint tenancy, KRS[3] 389A.030(4) provides that “[i]f a sale of all or any part of the real estate shall be ordered, the [trial] court shall refer the matter to the master commissioner or appoint a commissioner to conduct a public sale and convey the property upon terms of sale and disposition of the net proceeds as may have been determined by the court.”
Talley argues that property held in joint tenancy is presumed to be held equally and, therefore, equal division of the sale proceeds is appropriate in this instance. She asserts that to- hold otherwise would afford those holding property jointly with the same rights as those vested in married couples with respect to considering contribution in the division of proceeds from the sale of jointly-owned property, thereby destroying the joint tenancy presumption of equality. Talley further asserts that even if Paisley could rebut the presumption of equality by clear and convincing evidence, he waived any. right to contribution or intended his contributions to Talley to be a gift. She maintains that since 2007, Paisley knew he had invested more than she had in the residence, but nonetheless agreed to *527 continue to hold the property jointly, evidenced by the parties’ reaffirmation of their joint tenancy agreement in 2012 when they refinanced their home. Talley argues the Court of Appeals neglected to consider defenses to contribution such as waiver and gift.
Under Kentucky law, joint tenants are entitled to proportionate reimbursement for the payment of liens and other encumbrances on the property. The general rule is that “one joint tenant is entitled to contribution from his cotenant for liens and encumbrances paid by him, including mortgages, taxes, and ground rent.” Larmon v. Larmon, 173 Ky. 477, 191 S.W. 110, 113 (1917) (footnotes omitted).
[O]ne who pays a joint debt is entitled to contribution from his co-obligors and ... a tenant who relieves common property from a lien is subrogated to the lien on his cotenant’s share for the excess he has paid over his proportionate share, We think this rule applies with equal force to a joint tenancy with survivor-ship.... as between each other each was liable for one-half of the indebtedness, and if either paid the entire lien indebtedness, he was entitled to contribution to the extent of one-half of the indebtedness as against the other, and was subrogated to the original lien upon his cotenant’s interest to that extent as in other cases of cotenancy.
Petty v. Petty, 220 Ky. 569, 295 S.W.863, 864 (1927).
Furthermore, an agreement between the joint tenants for this type of reimbursement is not required:
Equitable contribution between co-owners of undivided interests in real estate has often been recognized and enforced, even without a contract between the parties to that effect. If one such joint owner at his own expense discharges a lien upon the joint property, or is compelled, in order to protect his own interest therein, to pay out his own money to acquire outstanding title for the common benefit, he may enforce contribution in equity from the other joint owners in proportion to their interests.
Bishop v. Wolford, 218 Ky. 657, 291 S.W. 1049, 1052 (1927) (citations omitted).
The record reflects that Paisley did not expressly or implicitly waive any right to contribution, or intend his contributions to be a gift to Talley, While at no point did the parties agree, expressly or otherwise, as to division of the proceeds from the sale of the property, this oversight appears due to the fact that the parties did not anticipate or contemplate the demise of their relationship or the division of the Lakewood property at all.
Contrary to Anne’s assertion, our holding in this case does not disrupt longstanding legal principles with respect to the definition of joint tenancy with right of survivorship. That definition remains intact. However, with respect to the division of proceeds from the sale of jointly-held property when the cotenants have no agreement regarding how sale proceeds would be split, we hold that, to the extent one tenant contributed more than his or her half to the discharge of encumbrances, liens, taxes, that tenant is entitled to contribution from the other.
CONCLUSION.
For the foregoing reasons, we affirm the Court of Appeals and remand this case to the Fayette Circuit Court. On remand, the trial court is to make a determination as to that amount which will equalize the respective contributions of the parties to the property. Once the parties’ respective contributions to the property have been equal *528 ized, the balance of the proceeds from the sale of the property are to be split equally, 50% to each.[4]
All sitting.
Minton, C.J.; Cunningham, VanMeter, Venters and Wright, JJ., concur.
Keller, J., dissents by separate opinion in which Hughes, J., Joins.

. The parties’ total contribution was $503,921. Of this Paisley contributed 76.2% (383,921/503,921), and Talley contributed 23.8% (120,000/503,921).

. Kentucky Rules of Civil Procedure.

. Kentucky Revised Statutes.

. For example, using Paisley’s numbers for purpose of illustration, if the trial court determines that Paisley contributed $263,921 more than Talley ($383,921-$ 120,000 = $263,921), then an out-of-pocket payment from Talley to Paisley of one-half of this amount, $131,960.50, equalizes the parties’ contribution. The net sale proceeds -would then be split equally. Absent an out-of-pocket payment to equalize, Paisley would be entitled to the first $263,921 from the net sale proceeds, with the balance then being split equally between the parties.