RENDERED:  DECEMBER 2, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0107-MR

DANIEL P. FENNERTY                                                              APPELLANT

v.

APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE KEN M. HOWARD, JUDGE
ACTION NO. 16-CI-00600

TERESA L. MOORE                                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Daniel P. Fennerty ("Appellant") appeals from an order of the Hardin Circuit Court granting summary judgment in favor of Teresa L. Moore ("Appellee") on her counterclaim for damages resulting from the sale of a parcel of residential real property.  Appellant argues that the circuit court erred in awarding damages without conducting an evidentiary hearing.  We find no error and affirm the order on appeal.

# FACTS AND PROCEDURAL HISTORY

On April 8, 2016, Appellant filed a complaint in Hardin Circuit Court seeking a declaration that he was the sole owner of a parcel of residential real property located at 521 Sierra Drive, Rineyville, Kentucky. Appellant asserted that though the parcel was titled in both his and Appellee's names, the parties were not married, she had no pecuniary interest in the parcel, and her name was only gratuitously added as grantee on the deed when the parties took title to the parcel. He sought an order declaring him to be the sole owner of the parcel, and directing Appellee to convey her interest in the parcel to Appellant by quitclaim deed.

According to an affidavit filed by Appellee, Appellant's counsel, Hon. G. William Bailey, Jr., contacted her after the filing of Appellant's complaint and asked her if she were willing to voluntarily convey to Appellant her one-half interest in the parcel. She told him that she had to have surgery and had medical expenses resulting from injuries received from Appellant assaulting her, giving rise to damages in the amount of $150,000.00. She said she would "let bygones be bygones," however, if he would drop the suit and walk away from the matter. She stated that she assumed there was nothing further to be done by her until she heard back from Mr. Bailey.

While waiting for Mr. Bailey's response, Appellee was served with notice that a default judgment had been entered against her on May 16, 2016,

based on her failure to file a timely answer. Appellee, through counsel, then moved to set aside the judgment. In support of the motion, Appellee stated that she believed Appellant's action was stayed based on her communication with Mr. Bailey. The motion was granted by way of an order entered on June 16, 2016.

After the default judgment was entered, and prior to the judgment being set aside, Appellant sold the parcel for $252,000. Appellant received cash from the transaction in the amount of $47,284.67.

On June 23, 2016, Appellee moved for leave to file a late answer to the complaint, and for an order compelling Appellant to place into an escrow account the net proceeds from the sale of the parcel. The motion was sustained on July 11, 2016. At the same time, Appellee filed an answer and counterclaim. The counterclaim asserted Appellee's right to one-half of the sale proceeds based on her status of grantee on the deed.

On August 17, 2016, Appellee moved to hold Appellant in contempt based on his failure to place the net proceeds in escrow as ordered by the court. In support of the motion, Appellee's counsel, Hon. Jerry M. Coleman, filed an affidavit alleging that Appellant executed a check to a third party in the amount of $40,000.00 using the proceeds from the sale of the parcel, which was not posted until 14 days after the court's order directing the net proceeds to be placed in escrow.

The circuit court entered an order on August 24, 2016, directing Appellant to show cause as to why he should not be held in contempt for failing to abide by the court's order directing him to deposit the net proceeds into an escrow account. Appellant did not appear at the August 26, 2016 show cause hearing.[1]

Appellant then filed a motion for writ of prohibition with this Court on or about August 31, 2016. Specifically, Appellant sought a writ preventing the Hardin Circuit Court from enforcing the order requiring Appellant to place the net proceeds in escrow. The motion was denied by way of an order of this Court entered on December 20, 2017.

On January 3, 2018, Appellee filed a motion in Hardin Circuit Court requesting an order dismissing Appellant's action. Appellee argued that Appellant remained in contempt of the circuit court's order directing him to place the net sale proceeds in escrow. She also reminded the court that Appellant also ignored the court's August 24, 2016 order directing him to appear at the show cause hearing. The court entered an order dismissing Appellant's action on May 14, 2018.[2]

---

[1] On the day of the hearing, Appellant, through counsel, claimed that he did not receive notice of the hearing. The circuit court entered an order on August 26, 2016, remanding the hearing.

[2] The May 14, 2018 order also dismissed Appellant's action in 16-CI-00628, which was consolidated with the instant action (16-CI-00600). The 16-CI-00628 proceeding, which is not before us, addressed Appellant's claim for damages arising from the disposition of personal property.

Appellant prosecuted an appeal of the May 14, 2018 order to a panel of this Court. He voluntarily dismissed the appeal in April 2020.

Though her pleading is not contained in the appellate record, it appears that Appellee filed a motion in late October 2020, seeking summary judgment on her counterclaim. Appellant argued that Appellee's motion was an impermissible attempt to reopen the action which had been dismissed some 2 ½ years earlier. Appellee responded that the May 14, 2018 order dismissing the consolidated actions dismissed only Appellant's claims and not Appellee's counterclaim. She argued that by virtue of Appellant's then-pending appeal in this Court, she was unable to proceed on her counterclaim until Appellant's voluntary dismissal of that appeal in April 2020.

Finally, on December 8, 2020, the Hardin Circuit Court entered an order granting summary judgment in favor of Appellee on her counterclaim in the amount of $23,500.00. The judgment was based on Appellant's willful noncompliance with the circuit court's order to place the net proceeds in escrow, and noncompliance with the order to show cause why he should not be held in contempt. The court also found that Appellant's noncompliance, coupled with his voluntary dismissal of his appeal, constituted a forfeiture of his right to present claims and defenses related to Appellee's counterclaim. This appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant argues that the Hardin Circuit Court erred when it entered a judgment in favor of Appellee on her counterclaim without conducting an evidentiary hearing. Though he does not dispute the circuit court's authority to dismiss his claims based on his failure to comply with the court's orders to deposit the net proceeds into escrow, he asserts that he was entitled to a hearing to determine the amount of damages, if any, payable to Appellee. Appellant directs our attention to *Tally v Paisley*, 525 S.W.3d 523 (Ky. 2017), for the proposition that a hearing is required when one cotenant has contributed more than the other cotenant to the discharge of encumbrance, liens, or taxes. Appellant also points to *Howard v. Fountain*, 749 S.W.2d 690 (Ky. App. 1988), which he argues interpreted Kentucky Rules of Civil Procedure ("CR") 8.04(c) to hold that a defaulting party admits liability, but not the amount of unliquidated damages. In sum, Appellant seeks an opinion reversing the summary judgment on appeal and remanding the matter for an evidentiary hearing.

We first note that Appellee's counterclaim survived the dismissal of Appellant's underlying claims. "[J]udgment on a counterclaim . . . may be rendered in accordance with the terms of Rule 54.02 even if the claims of the opposing party have been dismissed or otherwise disposed of." CR 13.09. "A counterclaim is a separate claim, independent of a plaintiff's underlying claim."

Kurt A. Phillips, 6 Ky. Prac. R. Civ. Proc. Ann. Rule CR 13.01, p. 255. *See also*

CR 54.02(1), which states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In disposing of Appellee's counterclaim via summary judgment, the

Hardin Circuit Court stated,

> This Court ordered that all of Fennerty's claims in these consolidated cases were to be dismissed as the result of his willful noncompliance with the Court's orders. Fennerty appealed the order but voluntarily dismissed his appeal. Because Fennerty forfeited his right to present claims or defenses, Teresa Moore is entitled to summary judgment in both consolidated cases as previously specified in this order, and all of Fennerty's claims in both cases are dismissed with prejudice.

Thus, the circuit court's decision was grounded on its finding that Appellant's

noncompliance with the court's orders and voluntary dismissal of his appeal

constituted a forfeiture of his right to present defenses as to Appellee's counterclaim.

Appellant asserts that he was entitled to a hearing on damages prior to the entry of summary judgment. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

The questions for our consideration, then, are 1) whether the Hardin Circuit Court correctly found that there were no genuine issues as to any material fact, and that Appellee was entitled to a judgment as a matter of law, and 2) whether the circuit court properly determined the amount of damages without a hearing. After careful review, we must answer these questions in the affirmative. It is uncontroverted that Appellee was co-grantee of the parcel, which Appellant sold after the default judgment was entered and before the judgment was set aside. It is also uncontested that the sale produced cash proceeds of $47,284.67. The circuit court found that Appellant "absconded" with these funds by refusing to place them in escrow as ordered by the court, and failing to show cause why he should not be held in contempt. *Tally* and *Howard*, *supra*, are factually distinguishable from the matter before us, and CR 8.04(c) does not apply herein as the damages are a sum certain. As such, no hearing on the motion was required.

## CONCLUSION

Even when viewing the record in a light most favorable to Appellant and resolving all doubts in his favor, we conclude that summary judgment was properly entered in favor of Appellee. No hearing was required on the issue of damages, as the amount of damages was a sum certain ascertainable from the record. For these reasons, we affirm the Hardin Circuit Court's order granting summary judgment.

-9-

ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

G. William Bailey, Jr.                          Ryan F. Quick
Elizabethtown, Kentucky                    Elizabethtown, Kentucky