RENDERED: JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2021-CA-1273-MR

PHYLLIS HENSON                                                                 APPELLANT

v.                    APPEAL FROM WARREN CIRCUIT COURT
                      HONORABLE JOHN R. GRISE, JUDGE
                      ACTION NO. 20-CI-00972

JAMES C. MAXWELL                                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND McNEILL, JUDGES.

LAMBERT, JUDGE:  Phyllis Henson appeals from the Warren Circuit Court's
Final Order Dividing Sale Proceeds entered on September 28, 2021.  We affirm.

Henson and James C. Maxwell purchased a home together (joint with
right of survivorship) in November 2016.  The parties were not married to each
other.  Maxwell provided the down payment of $34,187.01, and the remaining
$120,000.00 of the purchase price was mortgaged.  Henson lived alone in the home

from December of that year until June 2021. During that time, she made all the mortgage, insurance, tax, utilities, warranty, and homeowners association dues payments. She also performed all upkeep on the home. Henson claimed that she had invested nearly $60,000.00 paying the expenses over the years. Maxwell never lived at that address. He described the arrangement as an investment opportunity for him.

In August 2020, after the parties had a falling out, Maxwell filed suit against Henson, asking the circuit court to order a sale of the real estate and to divide the proceeds. *See* Kentucky Revised Statute (KRS) 389A.030 ("Action in Circuit Court for sale or division of property"). Henson answered and counter-claimed Maxwell. The following November, Maxwell moved for default judgment, summary judgment, an order for the property to be sold, and attorney fees. Henson requested that the circuit court stay the proceedings to allow her to obtain a mortgage in her name and reimburse Maxwell's down payment.

On December 16, 2020, the circuit court entered an order granting the motions for default and summary judgment and ordered that the master commissioner sell the property at public auction. The order referring the matter to the master commissioner was entered one month later. The master commissioner advertised the property and scheduled the sale to take place on February 10, 2021.

The weather on the date of the auction was bad, and Maxwell, for fear that the property would be sold for less than optimum value, decided to cancel the sale. The master commissioner noted this in its report to the circuit court and stated that the parties' fee would be $3,588.60. The report was confirmed by court order dated February 25, 2021. Maxwell satisfied his share of the fees (namely, $1,794.30) by payment to the master commissioner one day later.

Maxwell and Henson agreed to sell the house with a local real estate company (although Henson continued to assert that she should be given the opportunity to refinance the note and purchase Maxwell's share from him). The house was listed for just under $200,000.00 and was under contract within a matter of days for $15,000.00 over the asking price. The closing took place in June 2021 (after which Henson moved out). After satisfying the mortgage and closing costs, the net proceeds were $94,617.17.

The circuit court scheduled the matter for an evidentiary hearing (held on July 9 and continued to July 14, 2021) to give the parties the opportunity to argue their respective positions (with supporting documents) concerning the division of the net proceeds. The circuit court's final order was entered on September 28, 2021. Maxwell was to receive his down payment, and Henson was to receive 50% of the remaining proceeds. Her share was further reduced by her outstanding obligation of the master commissioner's fee, leaving her a net portion

of $28,390.78. Henson's subsequent post-judgment motions were denied, and she

filed her notice of appeal.

We begin by stating the standard of review, recently summarized in

*Lawson v. Smith*, 652 S.W.3d 643, 645 (Ky. App. 2022):

> The standard of review upon appeal of an order
> granting summary judgment is "whether the trial court
> correctly found that there were no genuine issues as to
> any material fact and that the moving party was entitled
> to judgment as a matter of law." *Scifres v. Kraft*, 916
> S.W.2d 779, 781 (Ky. App. 1996) (citing CR[1] 56.03).
> Upon a motion for summary judgment, all facts and
> inferences in the record are viewed in a light most
> favorable to the non-moving party and "all doubts are to
> be resolved in his favor." *Steelvest, Inc. v. Scansteel
> Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Thus,
> a summary judgment looks only to questions of law, and
> we review a trial court's decision to grant summary
> judgment *de novo. Brown v. Griffin*, 505 S.W.3d 777,
> 781 (Ky. App. 2016); *see also Blackstone Mining Co. v.
> Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as
> modified on denial of reh'g* (Nov. 23, 2011). However,
> "[a] party opposing a summary judgment motion cannot
> rely on the hope that the trier of fact" would simply
> "disbelieve the movant's denial of a disputed fact, but
> must present affirmative evidence in order to defeat a
> properly supported motion for summary judgment."
> *Ryan v. Fast Lane, Inc.*, 360 S.W.3d 787, 790 (Ky. App.
> 2012) (citing *Steelvest*, 807 S.W.2d at 481).

Furthermore:

> "'[D]ue regard shall be given to the opportunity of the
> trial court to judge the credibility of the witnesses'
> because judging the credibility of witnesses and weighing

---

1 Kentucky Rules of Civil Procedure.

evidence are tasks within the exclusive province of the trial court." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (quoting CR 52.01 and citing *Bowling v. Natural Resources and Environmental Protection Cabinet*, 891 S.W.2d 406 (Ky. App. 1994)). An appellate court defers to factual findings of the trial court unless those findings are clearly erroneous. CR 52.01. Clearly erroneous findings are those which are unsupported by substantial evidence. *Jones v. Livesay*, 551 S.W.3d 47, 50-51 (Ky. App. 2018); *Moore*, 110 S.W.3d at 354.

*Commonwealth v. Graham*, 586 S.W.3d 754, 769 (Ky. App. 2019). With these standards in mind, we turn to Henson's appeal.

Henson argues that the circuit court erred in its division of the proceeds, that fairness dictates she be restored the monies she contributed to the principal on the mortgage (specifically, $14,263.23 – she does not seek restoration of her other expenditures). The circuit court was aware of Henson's contributions during her stay in the home but held that Henson's benefit of living in the home included "the obligation of upkeep and maintenance." We agree. Maxwell never lived in the home. His uncontradicted testimony was that this was a real estate investment opportunity for him. Although Henson was able to trace her expenses over the years the parties owned the property together, she was not able to offer sound evidence that Maxwell agreed to allow her to live there rent-free (which would have been the effect of restoring her contributions). The circuit court's

findings were not clearly erroneous. *Graham*, 586 S.W.3d at 769.[2] Because we find no error in the circuit court's holding regarding reduction of mortgage principal, we likewise decline to find merit in Henson's further assertion that the $1,141.59 in the mortgage escrow account should be refunded to her. *Id.*

Nor are Henson's other arguments persuasive. She was not denied due process of law. Rather, she was afforded a hearing,[3] with an opportunity to be heard and to present evidence, as well as to cross-examine Maxwell. Additionally, we find no error in the assignment of 50% of the master commissioner's fee to each party. Although Maxwell pulled the sale, both parties reaped the benefit of the private sale bringing a higher price on the property. Henson conceded as much in her testimony. "If the trial judge's findings are supported by substantial evidence, 'then the appellate court's role is confined to determining whether those facts support the trial judge's legal conclusion.'" *Ellington v. Becraft*, 534 S.W.3d 785, 790 (Ky. 2017) (citations omitted).

The judgment of the Warren Circuit Court is affirmed.

ALL CONCUR.

---

[2] We are not unaware of the Kentucky Supreme Court's decision in *Talley v. Paisley*, 525 S.W.3d 523 (Ky. 2017), but distinguish that case because the joint tenants cohabitated. Such is not the situation here.

[3] Henson received the bench trial afforded her by statute. KRS 389A.030(1) ("The case shall be tried without a jury.").

BRIEFS FOR APPELLANT:         BRIEF FOR APPELLEE:

Nancy Oliver Roberts         Matthew J. Baker
Bowling Green, Kentucky       Bowling Green, Kentucky