JUNE 5, 1802.

# Jerome Williams *v.* Rachael Hedricks.

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Clark county.*

1. The decisions of some of the English courts that in felonies the civil injury is merged in the public wrong seem to this court contrary to reason and natural justice.

2. To an action of trespass charging the willful burning of plaintiff's house the defendant can not be heard to plead that the act complained of was a felony, and that he is not therefore responsible for the civil injury.

3. Where it was alleged in the declaration that the defendant, with force and arms, burned the house of the plaintiff, but it is not stated that he did it *maliciously,* the court can not infer that the defendant had him guilty of arson, and that the civil injury was merged in the public offense.

It is contended in this case, for the plaintiff, that this suit can not be maintained because the charge in the declaration amounts to felony, and the civil injury, if any, is merged in the public wrong. Upon this subject the English authorities are contradictory; this court hath, therefore, taken it up on the principles of reason, justice, and policy. Reason and justice unite in declaring that for every wrong, there should be a remedy; for every injury, there should be a compensation; and in this case there evidently appears to have been a violent outrageous injury, from the consequences of which, the plaintiff in this court attempts to excuse himself by showing that the act committed was felonious, and thus by making the act criminal, to defeat the party of her right to compensation for the civil injury. This would be suffering a party to allege his own turpitude and baseness in his own defense, which ought never to be permitted.

The principle laid down in some of the English reporters, "that the civil injury is merged in the public wrong," seems to have been founded on what this court conceives to be a mistaken policy, that no person would prosecute for the public good; and, therefore, the most heinous offenders would go unpunished, or if a prosecution was commenced, it would be pursued so faintly as never

Williams *v.* Hedricks.

to procure a conviction. To this reasoning it may be answered, should it be determined, and generally known and understood, that when a person committed a criminal offense, he was not only liable to a prosecution for the public wrong, but also to an action for the civil injury; it would be a much more certain means of deterring him from the commission of crimes, than merely a prosecution of a criminal nature, where the proceedings are conducted by such strict rules of law, and where the feelings and humanity of a jury are so much engaged in favor of life, that justice is frequently evaded. This reasoning is strongly supported by the criminal jurisprudence of this country, by which a culprit is not only punished, for his criminal offense, but it is also to make reparation to the party injured. But it is not necessary to use this reasoning in the present case, for it does not appear from the pleading in this cause, that the trespass complained of amounts to felony. The declaration states that the defendant, with force and arms, &c., burned the house of the plaintiff, &c., but it is not stated to have been done *maliciously*, which appears to be necessary to constitute felony; this point seemed to be yielded by the plaintiff's counsel in argument, but he relied on the statement in the bill of exceptions, that it was admitted " that the defendant (in the court below) had been indicted, tried, and acquitted, for arson in the Lexington district court, when the same facts were given in evidence." This acquittal shows that the defendant was not guilty of *arson*, but does not show that he did not commit the trespass, as stated in the declaration. In a prosecution for stealing a horse, the party may be acquitted of the felony, but that acquittal will not prevent the rightful owner from recovering his horse.

Therefore, it is considered by the court, that the judgment aforesaid be affirmed—that the defendant be at liberty to have the benefit thereof, in the court below, and recover of the plaintiff her costs in this behalf expended, which is ordered to be certified to the said court.