**James S. FALLER II, as Trustee of the Tanya Faller Irrevocable Living Trust, Appellant**

**v.**

**Konrad GOESS–SAURAU, Appellee**

**NO. 2012–CA–001912–MR**

Court of Appeals of Kentucky.

RENDERED: September 4, 2015; 10:00 A.M.

Rehearing Denied March 24, 2016.

BEFORE: D. LAMBERT, THOMPSON AND VANMETER, JUDGES.

## OPINION

VANMETER, JUDGE:

James S. Faller, II, as Trustee of the Tanya Faller Irrevocable Living Trust, appeals the order of the Russell Circuit Court granting Konrad Goess–Saurau's motion for default judgment. Faller asserts that the trial court erred in entering the judgment, since he had not been served with an amended complaint, thus effectively tolling his time to respond. We agree and therefore vacate the default judgment and remand this matter for further proceedings.

Goess–Saurau filed a foreclosure action in the trial court on May 31, 2012, alleging that the Tanya Faller Irrevocable Living Trust was in default of a mortgage in the principal amount of $425,000.00 plus $102,141.76 in interest. Faller is the trustee of the Trust and was served with the complaint on June 11, 2012, in his capacity as trustee. Three days later, June 14, Goess–Saurau filed an amended complaint which reiterated his prior allegations and added a claim for homeowner's insurance payments in the amount of $870.99. The amended complaint was not served on Faller until July 24, 2012.

On June 29, 2012, Faller filed a *pro se* answer and counterclaim in his individual capacity, not on behalf of the Faller Trust. On July 9, 2012, Goess–Saurau filed a motion to dismiss Faller's counterclaim because he was not a party in his individual capacity. On July 17, 2012, Goess–Saurau filed a motion for default judgment because the Trust had failed to file an answer within twenty days of Faller, in his capacity as trustee, being served with the initial complaint. The motion for default judgment was set to be heard on July 24,

BRIEF FOR APPELLANT: David J. Bridgeman, Whitley City, Kentucky

BRIEF FOR APPELLEE: David A. Nunery, Campbellsville, Kentucky

2012.[1]

On July 21, 2012, counsel entered an appearance for the Trust and Faller and filed a motion for continuance of the July 24, 2012 hearing.[2] On July 24, 2012, Faller appeared without counsel and was advised by the trial court that he could not represent the Trust *pro se*, as he was the trustee. The trial court then granted the motion for default judgment and heard arguments on motions to strike the defendant's counterclaim and a motion to enjoin defendant from filing *pro se* litigation in Russell Circuit Court.[3] After the judgment had been entered, another attorney appeared in the courtroom and advised that he would be standing in for the Trust's counsel and made an oral motion to continue the hearing. The trial court informed the stand-in attorney the default judgment had been entered and denied the oral motion.

After the default judgment hearing, Faller was served with the amended complaint by the Russell County Sheriff's Department on July 24, 2012. His counsel then filed a motion to vacate the judgment on August 1, 2012. Faller also signed this motion to vacate as a *pro se* defendant. This motion was heard on September 11, 2012, and the trial court entered an order denying the motion to vacate on October 4, 2012. This appeal follows.

■ When this court is charged to examine a trial court's order of default judgment, the standard of review is whether the trial court abused its discretion. *How-*

*ard v. Fountain,* 749 S.W.2d 690, 692 (Ky. App.1988). Specifically, this court has held that "[a]lthough default judgments are not favored, trial courts possess broad discretion in considering motions to set them aside and we will not disturb the exercise of that discretion absent abuse." *Id.* A trial court does not abuse its discretion unless its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Miller v. Eldridge,* 146 S.W.3d 909, 914 (Ky.2004).

Once a defendant has been served with a summons notifying him that a legal action has been filed against him, he must make a written defense within twenty days or the court may issue a judgment against him. CR[4] 4.02. Additionally, under CR 15.01:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. **A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, which-**

---

1. Additionally, Goess–Saurau argued that Faller was ineligible to represent the Trust since Faller is not an attorney. Goess–Saurau also filed a motion to enjoin Faller from self-representation on July 19, 2012.

2. Russell Circuit Court Local Rule III(c) requires that such motions be filed five days prior to hearing.

3. The trial court also entered an order striking Faller's counterclaim, as he was not a party to the action in his individual capacity and took the motion to enjoin Faller from self-representation under submission. As of the time this appeal was briefed, the trial court had not issued a ruling on this issue and it is not a part of this appeal.

4. Kentucky Rules of Civil Procedure.

**ever period may be longer, unless the court otherwise orders.**

(Emphasis added).

■ The question at hand is whether the trial court abused its discretion in granting Goess–Saurau's motion for default on the initial complaint when the Trust had not yet been served with an existing amended complaint. We hold that it did.

■ Here, the initial judgment was entered upon the original motion for default judgment. At that point, July 24, 2012, Goess–Saurau's amended complaint had not yet been served on Faller as Trustee (or in his individual capacity). When Goess–Saurau filed his amended complaint, June 14, he had every right to do so because, under CR 15.01, "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served[.]" The effect of the amended complaint was to supersede the original complaint. *Kentucky Press Ass'n v. Commonwealth*, 355 F.Supp.2d 853, 857 (E.D.Ky.2005) (interpreting Federal Rules of Civil Procedure Rule 15(a)); *Louisville Taxicab & Transfer Co. v. Johnson*, 311 Ky. 597, 603, 224 S.W.2d 639, 642 (1949) (stating that "the amended petition was in reality a substituted petition complete in itself[ ]"). The amended complaint was served the day the default judgment was entered, July 24. Under CR 15.01's plain provisions, the time for the Trust's response was not yet due. While we might be tempted to parse the language of CR 15.01, and make a distinction between a response to an original pleading and a response to an amended pleading, we think a better interpretation which leads to a more certain result is to interpret the language of the rule in its plain meaning. Accordingly, we hold that when a plaintiff files an amended complaint, and the defendant has not yet answered the original complaint, CR 15.01 permits the defendant to file an answer to the complaint/amended complaint "within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders."

In applying this plain language to this case, the Trust had ten days following service of the amended complaint within which to plead in response. The trial court erred in granting Goess–Saurau's motion for default judgment on July 24, 2102, and its failure to set aside that default judgment was an abuse of discretion.[5]

Therefore, the Russell Circuit Court's judgment is vacated and this matter is remanded to that court.

THOMPSON, JUDGE, CONCURS.

D. LAMBERT, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

D. LAMBERT, JUDGE, DISSENTING

I respectfully dissent. The question at hand is whether the trial court abused its discretion in granting the Appellee's motion for default on the initial complaint

---

5. We note that the record indicates that Faller, through counsel, filed an answer to the amended complaint on July 31, 2012. Goess–Saurau then filed a motion for default judgment on the amended complaint on August 13, 2012. The Trust, through counsel, then filed on August 22, an answer to the amended complaint, as well as a motion to amend the July 31 answer as being on behalf of the Trust, as well as Faller individually. At a September 11, 2012 hearing, the trial court specifically said it would not rule upon the motion for default based on the amended complaint, thus eliminating any doubt that the default judgment was based on the initial complaint. The trial court denied the motion to set aside default judgment by an Order entered October 4, 2012.

when Appellant was not served with an existing amended complaint.

Here, the initial judgment was entered upon the original motion for default judgment. A motion for default judgment on the amended complaint was not filed until August 13, 2012, and the plaintiff submitted a proposed amended default judgment and order of sale that specifically adds in provision ten that the "[p]laintiff is awarded $870.99 as reimbursement for insurance premiums paid which were to be paid by the Faller Trust under the mortgage agreement." Record at 215. At the September 11, 2102 hearing, the trial court specifically said it would not rule upon the motion for default based on the amended complaint, thus eliminating any doubt that the first default judgment was based on the initial complaint.

Looking at the text of CR 15.01 on its face, it states that "[a] party shall plead in response to an **amended pleading** within the time remaining for response to the original pleading or within 10 days after service of the amended pleading[.]" CR 15.01 (emphasis added). The rule only extends time to file on the amended pleading, it says nothing about extending the time to respond to the original pleading. Despite Faller's assertions that he filed a timely answer, he filed that answer on behalf of himself as if he were an individual party. Faller was not a party to this action, the Tanya Faller Irrevocable Living Trust is the defendant. Faller was named purely in his capacity as trustee. A review of the complaint shows that Goess–

Saurau only sought judgment against the Faller Trust, not Faller. Therefore, because no answer was filed within twenty days, as required under the law, on behalf of the Tanya Faller Irrevocable Living Trust, the trial court did not abuse its discretion in entering the default judgment against the trust, as it was not unfair, unreasonable, arbitrary or unsupported by any sound legal principle.

As authority for its argument, the Tanya Faller Irrevocable Living Trust cites *Louisville Taxicab & Transfer Co. v. Johnson,* 311 Ky. 597, 224 S.W.2d 639 (1949). In *Louisville Taxicab,* the court did find that the original complaint was abandoned by the amendment and essentially created a new complaint. *Id.* at 642–43. However, in that case, the amended petition failed to "iterate or adopt the allegations of the original petition[.]" *Id.* at 642. Here, the amended complaint specifically states under Count I that: "Goess–Saurau reiterates the allegation of his original Complaint as if set out fully herein." Record at 13. Therefore, any argument by the Faller Trust that the amendment superseded and voided the original complaint is without merit.

Therefore, I would affirm the order of the Russell Circuit Court.