RENDERED:  MAY 10, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0576-MR

THOMAS BROWN                                                              APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 19-CI-003615

BRIAN FUNK                                                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Thomas Brown appeals from an order of the Jefferson

Circuit Court granting summary judgment to Brian Funk.  We affirm.

This case has an unusual procedural history which we must relate in

more chronologically precise detail than we usually deem necessary in order to

understand fully the issues and arguments before us.  Brown tripped on the stub of

a street sign protruding from a public sidewalk near Churchill Downs in May 2019.

The next month, Brown filed this action against Funk, an Assistant Director of the

Department of Public Works for the Louisville-Jefferson County Metro Government (the City), alleging Funk had breached his duty to maintain and repair the sidewalk in issue.

A deputy sheriff signed a summons indicating he served Funk with a copy of Brown's complaint on August 15, 2019. Funk did not respond to Brown's complaint within the time allotted for doing so under Kentucky Rule of Civil Procedure (CR) 12.01. Consequently, on October 1, 2019, Brown filed a motion for default judgment.[1] The order granting Brown's motion for default judgment was entered by the circuit court clerk on October 7, 2019.

The next item in the record is Brown's July 2020 motion for a damages hearing. Brown did not serve the motion upon Funk, but he was not required to do so because Funk had not appeared in the case. *Howard v. Fountain*, 749 S.W.2d 690, 693 (Ky. App. 1988) ("We hold that fundamental fairness requires that a defaulting party be given notice of a damage assessment hearing where he has entered an appearance in the action prior to the hearing."); CR 5.01 (requiring a party to be served with motions "except those in default for failure to appear"). Eventually, the damages hearing was scheduled for October 20, 2020.

---

[1] There is no certificate of service on the motion for default judgment. However, Brown was not required to serve Funk with the motion since he had not appeared in the action. *Dressler v. Barlow*, 729 S.W.2d 464, 465 (Ky. App. 1987).

On September 30, 2020, Brown filed a motion to reschedule the damages hearing. Brown's motion stated it would be heard on October 5, 2020. Again, the motion was not served upon Funk. The record before us does not contain video of the October 5, 2020, hearing[2] but it appears undisputed that the trial court told Brown to serve a copy of his motion on Funk even though doing so was not strictly required by precedent or CR 5.01. Brown filed, and served upon Funk, a motion to reschedule the damages hearing. The motion stated it would be heard by the trial court on October 12, 2020.

On October 8, 2020, one year and one day after the default judgment was entered by the circuit court clerk, Funk filed a motion to set aside the default judgment. In his attached affidavit, Funk averred that the first time he learned of the action was on October 7, 2020, when he received the motion to reschedule the

---

[2] Kentucky Rule of Appellate Procedure (RAP) 24(A)(3) automatically makes video recordings "of the trial that results in the order or judgment being appealed from" part of the appellate record. But RAP 24 requires a party to specifically designate any other proceedings the party wishes to become part of the appellate record. RAP 24(B). Brown did not file a designation of record. Funk did, and his designation lists "[a]ll video recordings of hearings conducted by the trial court, including but not limited to hearings conducted on January 19, 2021 and December 6, 2021." RAP 24(B)(2) permits an appellee to designate "additional dates of pre-trial or post-trial recordings as that party wishes to be included." The Jefferson Circuit Court Clerk included in the appellate record only the two hearings Funk specifically designated.

We decline to *sua sponte* order the record to be supplemented or analyze whether the circuit court clerk should have included video from every hearing since Brown did not submit a designation of record, the circuit court clerk provided the record of the two specific hearings designated by Funk, and no one has objected to the certified record or otherwise sought to supplement it under RAP 25. "We are required to assume missing portions of a record support the decision of the trial court." *Strong v. Gary*, 673 S.W.3d 77, 79 (Ky. App. 2023).

-3-

damages hearing. Despite the return of service indicating to the contrary, Funk averred that he had never received the summons or complaint. Funk did not assert that he was not responsible for sidewalk and street sign maintenance. Instead, Funk asserted he was entitled to qualified official immunity and could not be held vicariously liable for the negligence of his supervisees.

CR 55.02, which Funk cited in his motion, provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Funk's motion to set aside the default judgment cites CR 60.02(a) and (f). CR 60.02(a) allows a court to relieve a party from a final judgment due to "mistake, inadvertence, surprise or excusable neglect . . . ." CR 60.02 requires a motion brought pursuant to CR 60.02(a) to be made "not more than one year after the judgment . . . was entered or taken." CR 60.02(f) allows a court to relieve a party from a final judgment for "any other reason of an extraordinary nature justifying relief." A motion brought under CR 60.02(f) must be brought "within a reasonable time . . . ." The motion does not cite CR 60.02(e), which allows relief from a final judgment which is "void . . . or [where] it is no longer equitable that the judgment should have prospective application . . . ."

Funk's motion to set aside the default judgment stated it also would be before the court on October 12, 2020. The video of the October 12, 2020, hearing is not in the record before us.

On that same date, Brown filed an amended complaint. The amended complaint does not incorporate, or even mention, the original complaint. However, the amended complaint is similar to the original. The only differences appear to be in Paragraphs Six and Nine as shown below, with one word in the original complaint deleted from the amended complaint struck through and new language found only in the amended complaint italicized:

> 6. The Defendant, Brian Funk, breached his duty to exercise ordinary care in the maintenance and upkeep of Louisville Jefferson County Metro public sidewalks. In particular, the Defendant, Brian Funk, *individually and in the direction of* ~~through~~ his agents, servants and/or employees, negligently and carelessly caused a sign post in a Louisville Jefferson County Metro sidewalk to be cut or sheared off approximately four inches above the sidewalk . . . .

> 9. As a direct and proximate result of the negligence and carelessness of Brian Funk, *individually and in the direction of* his agents, servants and/or employees, the Plaintiff, Thomas Brown has sustained grievous bodily injuries . . . .

Brown filed his response to Funk's motion to set aside the default judgment the day after filing his amended complaint. Brown argued Funk's motion was time-barred because it was filed one day after the one-year deadline for seeking relief under CR 60.02(a). Brown argued the amended complaint he had filed only the day before "is of no consequence to the action insofar as the Court has no jurisdiction at this point to set aside the Default Judgment . . . . As a

practical matter, the Amended Complaint is a nullity." On October 20, 2020, Funk filed an answer to Brown's amended complaint. The trial court scheduled a hearing on the motion to set aside the default judgment for January 2021.

At that hearing, which is one of the two which we may view, the deputy sheriff who signed the return of service for Funk testified. The deputy stated he served process roughly 2,500 times per year and thus had no specific recall of serving Funk. However, the deputy testified that his practice was to indicate on the return of service if he had served the party's agent instead of the named party directly, such as routinely occurred when he had to serve the City's mayor or chief of police. But the deputy admitted it was theoretically possible he had served an agent for Funk instead of personally serving Funk even though he did not so indicate on the return of service.

Soon thereafter, the trial court denied Funk's motion to set aside the default judgment. Funk filed a motion to reconsider, which the trial court denied. The trial court held a hearing on damages in December 2021. That is the other hearing we may view.

At the beginning of the December 2021 damages hearing, Funk orally asked to set aside the default judgment. The trial court again declined to do so. Nonetheless, Funk's counsel continued to insist that Brown's filing of the amended complaint superseded the original complaint and so the original complaint and the

default judgment based thereon were inoperative. The court told the parties it might re-examine that issue later. Brown, the lone witness to testify live, described how he incurred his injuries and the impact they had on his life.

Roughly seven months later, the trial court issued an order setting aside the default judgment. Primarily citing authority from federal courts outside Kentucky, the trial court held that "when an amended complaint becomes operative, a default entered as to the prior complaint is either deemed 'mooted' or deemed to be a 'nullity' or 'nullified.'" The court held that CR 60.02(e), which was not cited by Funk but allows the court to relieve a party from a judgment which has been vacated or is void, allowed the court to set aside the default.

In October 2022, Funk filed a motion for summary judgment whose main argument was that Funk owed Brown no duty of care because he (Funk) was not responsible for maintenance of sidewalks and street signs for the City. In his response, Brown asserted it would be inequitable to award summary judgment to Funk because the one-year statute of limitations had expired and, thus, Brown could not amend his complaint to name the person allegedly responsible for sidewalk maintenance for the City. And Brown reminded the court that Funk had not participated in the case until after the statute of limitations expired and, even then, had not initially argued that he was not responsible for sidewalk maintenance.

The court held the motion for summary judgment in abeyance to allow the parties to take the depositions of Funk and Jeffrey Brown, the City employee Funk alleged was responsible for sidewalk maintenance and repair. To avoid confusion, we shall now refer to Thomas Brown, the plaintiff/appellant, as "Brown" and Jeffrey Brown as "Jeffrey." Jeffrey, an assistant director of engineering on the date Brown fell, testified that he, not Funk, was responsible for maintaining and repairing sidewalks for the City. Funk testified similarly.

In May 2023, the trial court granted summary judgment to Funk, holding he "had no responsibility for the alleged defect in the sidewalk, and as such, owed no duty to plaintiff." Brown then filed this appeal.

As we perceive it, Brown raises two main arguments. First, did the trial court err by setting aside the default judgment? We conclude the answer is no. And second, did the trial court err by granting summary judgment to Funk? We again conclude the answer is no.

As we have explained:

> A trial court has broad discretion when it comes to default judgments, and we will not disturb a default judgment unless the trial court abused that broad discretion. For a trial court to have abused its discretion, its decision must have been arbitrary, unreasonable, unfair or unsupported by sound legal principles.
>
> According to CR 55.02, if a defaulting party demonstrates good cause, a trial court may set aside a default judgment providing said good cause meets the

-8-

requirements set forth in CR 60.02. To show good cause, and thereby justify vacating a default judgment, the defaulting party must: (1) provide the trial court with a valid excuse for the default; (2) demonstrate a meritorious defense; and (3) show the absence of prejudice to the non-defaulting party. All three elements must be present to set aside a default judgment.

*First Horizon Home Loan Corp. v. Barbanel*, 290 S.W.3d 686, 688-89 (Ky. App. 2009) (internal quotation marks, citations, and footnote omitted).

The decision to grant summary judgment, on the other hand, is entitled to no deference. As our Supreme Court has explained:

The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The trial judge must view the evidence in a light most favorable to the nonmoving party, resolving all doubts in its favor. Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions.

*Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010) (internal quotation marks and citations omitted).

We have examined the parties' briefs and "have considered all of the issues (and subissues) presented but, to avoid unnecessarily extending this Opinion, we address only those that merit discussion." *Meyers v. Chapman*

-9-

*Printing Co., Inc.*, 840 S.W.2d 814, 817 (Ky. 1992). Also, our analysis does not completely follow that utilized by the trial court but "[i]f an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014). As a final prefatory note, we conclude the issues before us may be properly resolved via application of published Kentucky precedent, so we decline to address the extraterritorial, federal, or unpublished opinions cited by the trial court or parties.

We begin with the propriety of setting aside the default judgment. Brown insists the trial court could not set aside the default because Funk asked for that relief more than one year after the default judgment was entered. We agree that the time for seeking relief under CR 60.02(a)-(c) had expired. However, the court had the ability to grant relief under CR 60.02(e), which does not contain a rigid one-year deadline.

The trial court reasoned that the filing of the amended complaint rendered, essentially, the default judgment void or null because it was based on a superseded pleading. Brown, on the other hand, argues his amended complaint was a nullity. Determining whether relief under CR 60.02(e) was proper thus turns on the impact, if any, the amended complaint had on the default judgment.

-10-

CR 15.01 provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." A motion to set aside a default judgment is not a pleading under CR 7.01. Consequently, since Funk had not filed a responsive pleading, Brown did not need the court's permission to file an amended complaint.

As to the impact of the amended complaint, we are guided by our opinion in *Faller v. Goess-Saurau*, 490 S.W.3d 363 (Ky. App. 2015). In *Faller*, the plaintiff filed an amended complaint before the defendant had filed a responsive pleading. *Id.* at 364. For reasons unclear from our opinion, it took over a month for the amended complaint to be served on the defendant. Within that month, the plaintiff filed a motion for default judgment on the initial complaint, even though the plaintiff had filed an amended complaint. The trial court granted the default judgment and, later that same day, the amended complaint was served on the defendant. *Id.* at 365. The trial court denied the defendant's motion to set aside the default judgment.

We held that decision to have been an abuse of discretion as follows:

> Here, the initial judgment was entered upon the original motion for default judgment. At that point, July 24, 2012, Goess-Saurau's amended complaint had not yet been served on Faller as Trustee (or in his individual capacity). When Goess-Saurau filed his amended complaint, June 14, he had every right to do so because, under CR 15.01, "[a] party may amend his pleading once as a matter of course at any time before a responsive

-11-

pleading is served[.]" The effect of the amended complaint was to supersede the original complaint. *Kentucky Press Ass'n v. Commonwealth*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (interpreting Federal Rules of Civil Procedure Rule 15(a)); *Louisville Taxicab & Transfer Co. v. Johnson*, 311 Ky. 597, 603, 224 S.W.2d 639, 642 (1949) (stating that "the amended petition was in reality a substituted petition complete in itself[ ]"). The amended complaint was served the day the default judgment was entered, July 24. Under CR 15.01's plain provisions, the time for the Trust's response was not yet due. While we might be tempted to parse the language of CR 15.01, and make a distinction between a response to an original pleading and a response to an amended pleading, we think a better interpretation which leads to a more certain result is to interpret the language of the rule in its plain meaning. Accordingly, we hold that when a plaintiff files an amended complaint, and the defendant has not yet answered the original complaint, CR 15.01 permits the defendant to file an answer to the complaint/amended complaint "within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders."

In applying this plain language to this case, the Trust had ten days following service of the amended complaint within which to plead in response. The trial court erred in granting Goess-Saurau's motion for default judgment on July 24, 2102, and its failure to set aside that default judgment was an abuse of discretion.

*Faller*, 490 S.W.3d at 366.

The facts in *Faller* are not entirely the same as those in the case at hand. For example, the trial court had already issued a default judgment before

-12-

Brown filed his amended complaint. But that distinction does not make a true difference in the application of the principles we set forth in *Faller*.

First, the plain language of CR 15.01 contains no exceptions for when a default judgment has been sought, or even granted: a party may file an amended complaint as of right if an answer or other responsive pleading has not been filed. Brown thus did not need permission from the court to file his amended complaint. Second, an amended complaint effectively supersedes the original complaint, and the defendant is allotted time to respond to the amended complaint.

In *Faller*, we cited longstanding precedent holding that an amended pleading which fails to "iterate or adopt the allegations of the original petition" becomes "a substituted petition complete in itself." *Johnson*, 224 S.W.2d at 642. Brown's amended complaint did not adopt by reference the original complaint. *See* CR 10.03 (allowing statements in a pleading to be adopted by reference).

Brown asserts the amended complaint nonetheless "iterated" the original complaint, given the similarities between the two pleadings. The archaic, uncommon term *iterate* means "to say or do again or again and again: REITERATE[.]" *Iterate*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/iterate (last visited Apr. 24, 2024). It appears, therefore, that to *iterate* an original pleading's allegations in an amended pleading means, essentially, to repeat more or less verbatim the allegations in the original pleading.

-13-

Alternately, an amended complaint may expressly reiterate the allegations in the original complaint, which is functionally synonymous with adopting the allegations in the original complaint by reference. That is precisely what occurred in *Faller*, where the amended complaint expressly "reiterate[d] the allegation of his original Complaint as if set out fully herein." *Faller*, 490 S.W.3d at 367 (D. Lambert, J., dissenting) (internal quotation marks and citation to the record omitted).

But the amended complaint here did not incorporate by reference or expressly reiterate the allegations of the original complaint. Plus, Brown admits there are substantive differences between the original and amended complaints, designed to refine his claims in order to make plain they are based "on the individual negligence of Funk and not on vicarious liability." After all, there would have been no logical purpose under these facts for Brown to file an amended complaint against the same defendant which merely regurgitated the same language in the original complaint. Thus, the amended complaint – though similar in many respects to the original – did not merely "say or do again" (*i.e.*, repeat without substantive alteration) the allegations in the original complaint. We consequently reject Brown's argument that his amended complaint iterated the allegations in his original complaint.

We also reject Brown's unfounded argument that the amended complaint could be construed as merely conforming to the evidence under CR 15.02. CR 15.02 provides in relevant part that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Here, there had not been a trial. Indeed, there had been little to no evidence adduced when Brown submitted his amended complaint. CR 15.02 is irrelevant.

In sum, the amended complaint was a "substituted petition complete in itself." *Johnson*, 224 S.W.2d at 642. Consequently, Funk had, under these facts, ten days to file a responsive pleading. Funk did so. The trial court correctly held that the filing of the amended complaint and Funk's timely response thereto superseded the original complaint. Since the original complaint was null, or void, the default judgment based on that nonoperative pleading was also null or void.

What is the upshot? In simple terms, Brown restarted the action from the beginning when he filed his amended complaint. It thus would have been improper for the trial court to decline to set aside the default judgment since that judgment was based on a superseded, inoperative pleading.[3] That is the crux of our

---

[3] Brown chastises the trial court for not discussing the usual factors a court must weigh when determining whether to set aside a default judgment. However, we did not mention – much less analyze – those factors in *Faller*. Instead, we decided that the trial court abused its discretion by declining to set aside a default judgment granted pursuant to an original complaint once the plaintiff filed an amended complaint. The takeaway is that in nearly all instances a trial court should examine on the record the factors typically weighed by a court when deciding whether to

holding in *Faller*. The situation falls squarely within the ambit of CR 60.02(e), which permits a court to grant relief from a final judgment which is void or which should no longer have prospective operation.

Finally, we also disagree with Brown that the trial court's ruling was an improper *sua sponte* decision. At the damages hearing, Funk argued at length that the filing of the amended complaint required the default judgment to be set aside. Although Funk perhaps did not expressly invoke CR 60.02(e), that subsection was the substantive gist underpinning his argument. Moreover, the trial court stated at the damages hearing that it might revisit the issue of whether the filing of the amended complaint should result in setting aside the default judgment. In other words, the trial court's decision was not truly, wholly *sua sponte*. As a result, we need not definitively determine if the trial court had the ability to set aside the default judgment on its own initiative. Instead, we merely note that the trial court's action was done to align with precedent such as *Faller*, and a court has the inherent ability to conform its judgments to the requirements of the law, even if not explicitly asked to do so by a party. *Community Financial Services Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019) (holding, albeit in a factually

grant a motion to set aside a default judgment. However, in the unique situation where a plaintiff otherwise entitled to a default files a new complaint which does not adopt by reference or iterate the allegations in the original complaint, the trial court may set aside the default judgment without addressing the usual factors because the new complaint restarts the case *ab initio*.

-16-

distinguishable case, that courts "may *sua sponte* resort to the applicable legal authority at any stage of the proceedings").

The bottom line is that we discern no abuse of discretion in the trial court's decision to set aside the default judgment. We now turn our attention to the propriety of granting summary judgment to Funk.

Brown's claims were based on Funk's alleged negligence. "The elements of a negligence claim are (1) a legally-cognizable duty, (2) a breach of that duty, (3) causation linking the breach to an injury, and (4) damages." *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2016). The focus here is on whether Funk owed a duty to Brown vis-à-vis sidewalk repair and maintenance.

Funk cites the deposition testimony of himself and Jeffrey, both of whom testified under oath that Funk was not responsible for sidewalk repair or maintenance. Nonetheless, Brown argues there is a genuine issue of material fact regarding whether Funk was responsible for maintaining and repairing sidewalks for the City. We disagree.

Brown relies on a printout of the "About Public Works" section of the City's website. We need not delve deeply into whether that printout is sufficiently authenticated or reliable to be admissible evidence. Instead, for our purposes here, we will assume for the sake of argument that the printout was proper to consider when determining whether Funk is entitled to summary judgment. Even in the

light most favorable to Brown, the printout does not state that Funk is responsible for sidewalk repair and maintenance. To the contrary, the duties listed for Funk on the printout do not contain the word sidewalk.[4]

Moreover, the fact that the printout does not specifically assign duties over maintenance and repair of sidewalks to another individual does not entitle Brown to relief. Duties cannot merely be assumed to be Funk's simply because they are not explicitly assigned to someone else on a printout taken from a vague website. The question is whether Brown has cited to evidence of record showing that Funk had a duty to Brown regarding the sidewalk in question. Brown has not.

Brown's arguments are based upon speculation, supposition, and hope, not affirmative evidence. Belief, speculation, and hope are insufficient to defeat summary judgment. Instead, "[t]he party opposing summary judgment cannot rely on their own claims or arguments without significant evidence in order to prevent a summary judgment." *Wymer v. JH Properties, Inc.*, 50 S.W.3d 195, 199 (Ky. 2001). *See also McAlpin v. American General Life Insurance Company*, 601 S.W.3d 188, 193 (Ky. App. 2020). Because there is no evidence to show Funk

---

[4] The printout provides in relevant part:

> ROAD OPERATIONS AND MAINTENANCE
> Brian Funk
> Serves the Louisville Jefferson County Metro community in
> oversight of roadway operations and maintenance of streets, roads,
> bridges, drainage systems and snow removal.

owed Brown a duty to maintain or repair the sidewalk at issue, the trial court properly granted summary judgment to Funk.

Finally, we are not entirely without sympathy to Brown's argument that it is inequitable to grant summary judgment to Funk. Funk did not respond to the initial complaint. Funk did not assert his lack of duty defense initially upon belatedly becoming involved in the case. In short, Funk's delays leave Brown without recourse as the statute of limitations has expired. A fundamental principle of law in Kentucky for over two centuries has been that "[r]eason and justice unite in declaring that for every wrong, there should be a remedy; for every injury, there should be a compensation . . . ." *Williams v. Hedricks*, 2 Ky. 175, 175, 1802 WL 839 (1802). Indeed, "[i]t is the purpose of all tort law to compensate one for the harm caused by another and to deter future wrongdoing." *Giuliani v. Guiler*, 951 S.W.2d 318, 320 (Ky. 1997).

However, Brown's own actions played a role in creating this unfortunate situation. First, Brown chose to name only Funk as a defendant, and the uncontradicted evidence in the record shows Funk is not the City employee responsible for sidewalk maintenance and repairs. It would be inequitable to hold a party liable for injuries unrelated to that party's duties. Second, the only reason the trial court seemed to believe it should set aside the default judgment was because Brown voluntarily chose to file an amended complaint (which did not

adopt the allegations in his original complaint).  Brown's voluntary, unilateral decision to file an amended complaint restarted the action afresh, thereby essentially wiping away the extant default judgment.  And, in any event, "[l]aw trumps equity[,]" so a trial court is not required to consider equitable principles, such as the unclean hands doctrine, in determining whether summary judgment is appropriate.  *Wright v. Miller*, 629 S.W.3d 813, 820 (Ky. App. 2021) (quoting *Bell v. Commonwealth, Cabinet for Health and Family Services, Dep't for Community Based Services*, 423 S.W.3d 742, 747-48 (Ky. 2014)).

For the foregoing reasons, the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Mat A. Slechter
Louisville, Kentucky

BRIEF FOR APPELLEE:

Michael J. O'Connell
Jefferson County Attorney

Gregory Scott Gowen
Assistant County Attorney
Louisville, Kentucky